MacMILLAN, HUGH, Associate Judge.
This appeal is from a summary judgment entered on behalf of the defendant appel-lee as based upon the issues framed by the pleadings, depositions, interrogatories and answers thereto appearing in the court file. For convenience, the appellant will be referred to herein as plaintiff and appel-lee as defendant. The trial court found in its summary judgment that there was no issue as to any material fact and that the defendant was entitled to a summary judgment as a matter of law. In its summary judgment the court ruled that at the time and place of plaintiff’s alleged injury, she was a trespasser as to the defendant and that there was no deviation from any duty owed to the plaintiff to refrain from said injury to the plaintiff. We affirm.
The accident upon which this action is predicated occurred in Orlando, Florida, when the plaintiff sustained personal injuries resulting from her falling out of a 1955 Chevrolet pick-up truck owned by the defendant. At the time of the accident the said truck was in the process of making a left-hand turn and was operated by the plaintiff’s husband. He was employed as a mechanic by the defendant and was assigned the use of the truck. The plaintiff was riding in the cab as a passenger. At the time of the accident plaintiff and her husband were returning home from picking up some medicine at a drugstore for one of their children. No real emergency situation for the need of such medicine was presented, and this occasion was the first and only time the plaintiff had ridden in the truck.
The vehicle had a defective right door that had rusted to such an extent that the hinges were affected and the door at times would become unlatched and swing open without warning. The plaintiff was unaware of this defective condition of the door, although her husband was fully aware of it and had actually attempted to repair *277 it. In addition, he had reported its condition to a supervisor prior to the accident and was instructed to have it repaired at a welding shop. Thereupon, he had some work done on it at such shop without satisfactory results. He informed his supervisor of the said continuing defect and was instructed to continue to use the truck as it would soon be replaced.
An established company policy precluded the use of company vehicles, including the truck in question, for personal reasons by employees unless such use was during an assignment out of the area of Orlando. Transporting passengers other than company employees was also prohibited, although it is noted plaintiff’s husband denies that he was aware of this latter regulation of the defendant. No written copy of the company’s policy, rules or regulations was introduced into evidence and the pertinent contents of the same were established by oral testimony of the supervisor of the plaintiff’s husband. As a matter of practice, plaintiff’s husband never permitted persons other than company employees to ride in the truck as passengers.
The posture of the pleadings in this case at the time of the summary judgment was such that the plaintiff had been required by the trial court to file an amended complaint alleging gross negligence on the defendant’s part. In addition, it is noted that the amended complaint alleges such gross negligence to be “separate and apart of any acts of the plaintiff’s husband”. Thus, it would appear that there is no issue in this action on the theory of vicarious liability on the defendant’s part for any gross negligence of the plaintiff’s husband in the operation of the vehicle, but that the action is predicated only upon the gross negligence on the defendant’s part “by knowingly permitting plaintiff’s husband to operate a truck in a defective condition and knowing that said door locks on said truck were defective and would not hold the doors closed properly.”
 It is settled law that a plaintiff wife may sue the employer of her husband for damages resulting from the negligence of her husband in the operation of his employer’s vehicle arising from his employment. May v. Palm Beach Chemical Company, Fla. 195 5, 77 So.2d 468. It is the general rule that, “A person riding in an automobile operated by the servant of the owner or bailee but who is not riding pursuant to any invitation by the master or any person authorized by him to extend such an invitation is a trespasser as to him.” 5 Blashfield, Automobile Law & Practices, § 212.5 (1966). In the case of Lipscomb v. News Star World Pub. Corp., La.App.1941, 5 So.2d 41, defendant assigned a company vehicle to a regular employee for distribution of newspapers in an out of town area. The employee invited plaintiff to accompany him on his journey. During the course of the trip, the automobile was involved in a fatal accident with a train. The court found the employee to have been exclusively at fault in causing the accident. However, the court absolved defendant from liability under the rule that when a person rides in a motor vehicle on the unauthorized invitation of the owner’s employee, the status of the rider is that of a trespasser to whom the master owes no duty except to refrain from willfully or wantonly injuring him.
There are no Florida cases defining the liability of an owner of a vehicle charged with gross negligence in the maintenance thereof to an unauthorized occupant of the vehicle. It would appear that an unauthorized occupant is a trespasser as far as the owner is concerned. The general rule appears to be that when a trespasser becomes known to the master or employer, the latter owes a duty only to refrain from willful or wanton injury. Byers v. Gunn, Fla. 1955, 81 So.2d 723. In the instant case the plaintiff was a trespasser whose presence as such was unknown to the defendant, although it was known to the employee.
Accordingly, the summary judgment entered by the trial court is affirmed.
CROSS, C. J., and REED, J., concur.