485 P.2d 1157

**Kathryn M. WINDAUER, Appellant,**

v.

**Joseph O'CONNOR, Appellee.**

**No. 10373–PR.**

Supreme Court of Arizona,
In Banc.

June 17, 1971.

Herbert E. Williams, Tucson, for appellant.

Messing & Hirsh, by William Messing, Tucson, for appellee.

HAYS, Vice Chief Justice.

This case comes to us on a petition for review of a decision of the Court of Appeals, Division Two. Windauer v. O'Connor, 13 Ariz.App. 442, 477 P.2d 561 (1970). Decision of the Court of Appeals is vacated.

The facts in the case are relatively simple. Joseph O'Connor and Kathryn Windauer had been married for a brief two years when Joseph shot Kathryn during an argument. At the time of the shooting, Joseph was 62 years of age and Kathryn was 72. Two days thereafter Kathryn instituted an action for divorce, alleging that her husband had attempted to kill her. A few months later the divorce was granted and Kathryn received alimony, cash and certain property.

A short time after the divorce decree was entered, Joseph was convicted on his guilty plea to a charge of assault with intent to commit murder. He is presently serving a sentence in the Arizona State Prison.

Two months or so after the decree of divorce was entered Kathryn filed a complaint sounding in tort, alleging that Joseph had willfully and intentionally fired a bullet into plaintiff's head with the intent to kill her. The trial court granted defendant's motion for summary judgment on the grounds of interspousal tort immunity and res judicata.

Interspousal tort immunity is an ancient common law doctrine founded on the theory of the legal unity of husband and wife (1 Blackstone, Commentaries 433). As recently as 1968 the Arizona Su-

preme Court observed in Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968), "Arizona has adhered to the common law position that interspousal tort suits are not permitted." 103 Ariz. p. 563, 447 P.2d p. 255. However, an intentional tort inflicted by one spouse on another so clearly destroys the concept of unity that the basis for the doctrine is lost.

At this juncture we are not constrained to overturn the previous decisions of this court with regard to interspousal torts, nor do we consider our subject case an appropriate vehicle if we were so inclined. We are not unmindful of our decision in Streenz v. Streenz, 106 Ariz. 86, 471 P.2d 282 (1970), wherein we eliminated the doctrine of parental tort immunity in an automobile negligence case. We pointed out there that this doctrine was a creature of American jurisprudence.

■ We here hold that a spouse may, after a divorce from the offending spouse, sue to recover damages for an intentional tort.

We pause briefly to point out the fact that in a community property state such as ours a complete abrogation of interspousal tort immunity is fraught with many problems. One which comes to mind immediately is our Arizona Rule that damages for personal injuries to a spouse are community property. Fox Tucson Theatres Corporation v. Lindsay, 47 Ariz. 388, 56 P.2d 183 (1936). Our sister state of California abrogated the interspousal tort immunity rule only after the legislature had made damages for personal injuries the separate property of the injured person. Self v. Self, 58 Cal.2d 683, 26 Cal.Rptr. 97, 376 P.2d 65 (1962); Klein v. Klein, 58 Cal.2d 692, 26 Cal.Rptr. 102, 376 P.2d 70 (1962). The dissent in Klein, supra, makes sense with his argument that this is a matter much better handled by legislative action on a broad front covering all affected areas of substantive law.

■ An additional basis for the trial courts granting summary judgment was the contention that the doctrine of res judicata applies. We do not agree. Under our holding the action for the intentional tort does not arise until the parties are divorced, hence the tort action could not have been brought as a part of the divorce action. Furthermore, the peculiar and special nature of a divorce action speaks against the bringing of the two actions in one litigation.

The judgment below is reversed and the cause remanded for further proceedings consistent with this decision.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.