514 P.2d 470

**Esther HUEBNER, as Administratrix of the Estate of Ella Mae Deuchle, Appellant,**

v.

**Erwin K. DEUCHLE, Appellee.**

**No. 11068–PR.**

Supreme Court of Arizona,

In Banc.

Sept. 26, 1973.

D'Antonio & Videen by Garven W. Videen, Tucson, for appellant.

Estes, Browning & Zlaket by Thomas A. Zlaket, Tucson, for appellee.

STRUCKMEYER, Justice.

This appeal is by Esther Huebner, administratrix of the estate of Ella Mae Deuchle, from an order dismissing an action against Erwin K. Deuchle for damages for the wrongful death of Ella Mae. Ella Mae Deuchle was a passenger in an automobile in which her husband, Erwin, was the operator when an accident occurred. From the injuries she received, she subsequently died. The Superior Court of Pima County ordered the action dismissed. The Court of Appeals, Division Two, reversed. *See* 18 Ariz.App. 241, 501 P.2d 417. We accepted review. Opinion of the Court of Appeals vacated and judgment of the Superior Court dismissing the action as to Erwin K. Deuchle affirmed.

In 1968, in Schwartz v. Schwartz, this Court held that Arizona adheres to the common law rule that tort suits between husband and wife are not sanctioned.

"The principal issue presented by petitioner is whether her capacity to sue her husband, Morris Schwartz, in tort, should be determined by the law of New York, the domicile of the Schwartzes or by the law of Arizona, the place of the injury. Arizona has adhered to the common law position that interspousal tort suits are not permitted." 103 Ariz. 562, 563, 447 P.2d 254, 255 (1968).

Hence, if Ella Mae Deuchle had survived the injuries she received in the automobile accident, she could not have maintained an action for damages against her husband for those injuries. Suits for damages for intentional torts are permitted, but only after a husband and wife have been divorced. Windauer v. O'Connor, 107 Ariz. 267, 485 P.2d 1157 (1971).

Arizona's wrongful death act, A.R.S. § 12–611, confers an original and

distinct claim for the damages sustained by named statutory beneficiaries. It is not derived from nor is it a continuation of claims which formerly existed in a decedent. And since the right to recover damages is wholly statutory, it can be granted or withheld at the pleasure of the Legislature. Halenar v. Superior Court, 109 Ariz. 27, 504 P.2d 928 (1972).

A.R.S. § 12–611 reads:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter."

It is apparent that the Legislature of Arizona has provided in plain, unambiguous language that when the death of a person is caused by a wrongful act and the person injured would have been entitled to maintain an action for damages if he or she had not died, the person who would have been liable is liable in damages notwithstanding the death of the injured person.

What we said in Lueck v. Superior Court, 105 Ariz. 583, 585, 469 P.2d 68, 70 (1970), of the next succeeding section, A.R.S. § 12–612, is equally applicable to § 12–611.

"It is our opinion that there is no ambiguity in this statute which cries out for the wizardry of statutory construction. Whether we like the result or not, we find the words to be plain and their meaning to be evident. When we find that the common law or 'judge-made law' is unjust or out of step with the times, we have no reluctance to change it. Stone v. Ariz. Hwy. Comm., 93 Ariz. 384, 381 P.2d 107 (1963). Here we are dealing with a legislative enactment, and it is proper that only the Legislature correct any deficiencies therein."

At the common law there could be no such thing as a tort obligation between husband and wife, and in no event could there be a suit by the one against the other to enforce it. 1 Harper and James, Law of Torts, § 8.10. The common law, so far as it is not repugnant to the Constitution of the United States, the constitution or laws of this state, or established customs of the people of this state, was adopted by the Legislature and is "the rule of decision in all courts of this state." A.R.S. § 1–201. While we recognize that there are courts which have enlarged their wrongful death acts by judicial decision to include interspousal suits, we think that the abolishment of immunity from suit should be predicated only upon clear and unequivocal legislative language. Cf. Saunders v. Hill [Del.] 202 A.2d 807 (1964).

We hold that since the doctrine of interspousal tort immunity would not have permitted an action by Ella Mae Deuchle against her husband for her injuries during her lifetime, an action cannot be maintained for her wrongful death against her husband under A.R.S. § 12–611, *supra*.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.