526 P.2d 717

**Virgil David BURNS, Appellant,**

v.

**Beverly J. BURNS, Appellee.**

**No. 11549–PR.**

Supreme Court of Arizona,
In Banc.
Sept. 20, 1974.

Miller, Pitt & Feldman, P. C., by Barry N. Akin, Tucson, for appellant.

Lesher & Scruggs, P. C., by Robert O. Lesher, Tucson, for appellee.

CAMERON, Vice Chief Justice.

This is a petition for review of an opinion and decision of the Court of Appeals, Division Two, 21 Ariz.App. 337, 519 P.2d 190 (1974), which reversed an order of the Superior Court of Pima County granting summary judgment in favor of the defendant-appellee Beverly J. Burns on the ground that the suit against her was barred by the doctrine of interspousal tort immunity.

We consider only one question on review, and that is whether a divorced spouse may, after a divorce, sue his former spouse for a negligent tort committed during the marriage.

The facts necessary for a determination of the question before us are quoted in part from the opinion of the Court of Appeals as follows. "On May 27, 1972, appellant, while a passenger in an automobile driven by appellee, was seriously injured in an automobile accident caused by appellee's negligence. Although married at the time of the accident, apparently they were not happy as they had separated one month before and appellee had consulted an attorney about a divorce. The accident did not restore connubial bliss and on September 1, 1972, they were divorced. Appellee remarried three weeks after the divorce. Appellant filed suit against appellee on October 17, 1972, to recover damages for his injuries sustained prior to divorce." 21 Ariz. App. at 338, 519 P.2d at 191. The trial court granted summary judgment in favor of defendant, and plaintiff appealed, urging that the doctrine of interspousal tort immunity should not apply after the parties are divorced. After an exhaustive analysis of the history and theory of the doctrine of interspousal tort immunity the Court of Appeals held that after a divorce a spouse may maintain an action against his former spouse for a negligent tort and that such cause of action arises upon the divorce. Appellee timely petitioned this court for review, and we granted the petition.

In Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968) this court re-affirmed that Arizona followed the doctrine of interspousal tort immunity. Later, in Windauer v. O'Connor, 107 Ariz. 267, 485 P.2d 1157 (1971), we partially abrogated the doctrine and held that a divorced spouse could sue her former spouse for an intentional tort committed during the marriage. In so holding we wrote:

" * * * As recently as 1968 the Arizona Supreme Court observed in Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968), 'Arizona has adhered to the common law position that interspousal tort suits are not permitted.' 103 Ariz. p. 563, 447 P.2d p. 255. However, an intentional tort inflicted by one spouse on another so clearly destroys the concept of unity that the basis for the doctrine is lost.

* * * * * *

"We pause briefly to point out the fact that in a community property state such as ours a complete abrogation of interspousal tort immunity is fraught with many problems. One which comes to mind immediately is our Arizona Rule that damage for personal injuries to a spouse are community property. Fox Tucson Theatres Corporation v. Lindsay, 47 Ariz. 388, 56 P.2d 183 (1936). Our sister state of California abrogated the interspousal tort immunity rule only after the legislature had made damages for personal injuries the separate property of the injured person. Self v. Self, 58 Cal.2d 683, 26 Cal.Rptr. 97, 376 P.2d 65 (1962); Klein v. Klein, 58 Cal.2d 692, 26 Cal.Rptr. 102, 376 P.2d 70 (1962). The dissent in Klein, supra, makes sense with his argument that this is a matter much better handled by legislative action on a broad front covering all affected areas

of substantive law." 107 Ariz. at 267–268, 485 P.2d at 1157–1158.

Our holding in Windauer, supra, however, was carefully limited to the facts of that case, a case of an intentional as opposed to a negligent tort.

More recently, in Huebner v. Deuchle, 109 Ariz. 549, 514 P.2d 470 (1973) we held that since the doctrine of interspousal tort immunity would not have permitted an action by a wife against her husband for her injuries sustained during the marriage, the wife's estate could not maintain an action against the husband under our wrongful death statute, § 12–611 A.R.S. In again declining to abrogate interspousal tort immunity we wrote:

"At the common law there could be no such thing as a tort obligation between husband and wife, and in no event could there be a suit by the one against the other to enforce it. 1 Harper and James, Law of Torts, § 8.10. The common law, so far as it is not repugnant to the Constitution of the United States, the constitution or laws of this state, or established customs of the people of this state, was adopted by the Legislature and is 'the rule of decision in all courts of this state.' A.R.S. § 1–201. While we recognize that there are courts which have enlarged their wrongful death acts by judicial decision to include interspousal suits, we think that the abolishment of immunity from suit should be predicated only upon clear and unequivocal legislative language. Cf. Saunders v. Hill [Del.] 202 A.2d 807 (1964)." 109 Ariz. at 550, 514 P.2d at 471.

The Court of Appeals, in holding as it did, reasoned that "the facts of the [instant] case *sub judice,* are more akin to Windauer v. O'Connor, supra, and can be decided without violence to *Schwartz.*" 21 Ariz.App. at 337, 519 P.2d at 194. The court wrote:

"* * * Appellee claims that *Windauer* is distinguishable because the tort was intentional. We do not believe any distinction can be made between an intentional or negligent tort. The fact that the tort was intentional in *Windauer* was a make-weight but was not the touchstone of the decision. The real key to Windauer is that when the reasons for the disability to sue fail the tort becomes actionable." 21 Ariz.App. at 341, 519 P.2d at 194.

We are constrained to disagree with the appellate court's conclusion that there is no distinction between an intentional and a negligent tort. We further disagree with the inference of the Court of Appeals that the reasons for interspousal tort immunity exist only when there is a marital status to protect.

■ Although there are good and for some courts persuasive reasons why the doctrine of interspousal tort immunity should be abolished by court action, there are also good and for this court at least, persuasive reasons why the doctrine should be retained. Among those are: (1) that tort suits between spouses would disrupt marital harmony; (2) that there would be a danger of fraud or collusion where the tort is covered by insurance; and (3) that the tortfeasor would share in the proceeds of a judgment, and thus benefit from his wrong. Windauer v. O'Connor, supra. See generally, Prosser, Torts (4th ed.), Ch. 23.

■ An intentional tort committed by a spouse upon the person of the other is in itself some evidence of an unharmonious marital relation, and obviously, once the parties are divorced, there is no longer a marital relationship to protect and preserve. A negligent tort, on the other hand, is no such evidence of disharmony between the spouses. While, in the instant case, there was no longer a marital relationship to preserve at the time suit was brought, appellee makes a persuasive argument that were divorce to be a prerequisite to maintaining an action for negligence, parties

might well be encouraged to obtain fraudulent divorces under our new no-fault divorce laws.

Also, intentional torts are not generally, if ever, covered by insurance, so the second argument in favor of the immunity was inapplicable to the situation in Windauer, supra. On the other hand, very many negligent torts are covered by insurance, and so the danger of fraud and collusion would still exist were we to extend the holding of Windauer to include actions for negligent torts.

Finally, since we held in Windauer that the cause of action for the intentional tort did not arise until the divorce, the proceeds of any judgment would be the separate property of the injured party. (*But see* Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P. 2d 578 [1967]) The same would be true were we to hold that a divorced spouse could sue his former spouse for a negligent tort. We are not persuaded that the mere absence of the marital status, which would make the judgment separate property, should remove the disability to sue.

■ We are of the opinion that any further erosion of the doctrine of interspousal tort immunity, short of complete abrogation, would create more problems that it would solve. Although we are not unaware of the many countervailing arguments in favor of complete abrogation, we still feel that such a measure should be accomplished by legislative action rather than through judicial fiat. *See also* Huebner v. Deuchle, supra.

Decision of the Court of Appeals is vacated; judgment of the Superior Court is affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.