570 P.2d 199

**Raymond GRIESMER, Appellant,**

v.

**Dana L. GRIESMER, Appellee.**

**No. 2 CA–CIV 2512.**

Court of Appeals of Arizona, Division 2.

July 27, 1977.

Rehearing Denied Aug. 30, 1977.

Review Denied Oct. 4, 1977.

Klein & Klein by Donald S. Klein, Tucson, for appellant.

Robert L. Murray, Tucson, for appellee.

OPINION

RICHMOND, Judge

This is an appeal from an order dismissing appellant's complaint against his former wife as barred by the statute of limitations, A.R.S. § 12–542.

The complaint alleges that on January 28, 1973, while appellant and appellee were still married, appellee shot and injured the appellant. The marriage was dissolved on March 10, 1975. The complaint was filed April 10, 1975. Appellee counterclaimed for damages from an intentional assault committed by appellant against her. The court below dismissed both the complaint and the counterclaim on the grounds that A.R.S. § 12–542 provides that all actions "[f]or injuries done to the person of another" must be commenced within two years after the "cause of action accrues."

Appellant argues that the cause of action did not "accrue" until he had a legal right to sue, and he had no such right until the marriage was dissolved. From this he reasons that the statute did not begin to run until March 10, 1975, and the action filed 30 days later was clearly commenced within the two-year period. We agree.

A cause of action accrues whenever one person may sue another. The statute of limitations then begins to run. *Norton v. Steinfeld,* 36 Ariz. 536, 288 P. 3 (1930). At the time of the acts alleged in the complaint, appellant was precluded from suing appellee by the doctrine of interspousal immunity. *Schwartz v. Schwartz,* 103 Ariz. 562, 447 P.2d 254 (1968); *Windauer v. O'Connor,* 107 Ariz. 267, 485 P.2d 1157 (1971).

Appellee argues that the policy underlying the statute of limitations is to protect defendants from litigation of " . . . stale claims where plaintiffs have slept on their rights . . . ." *Brooks v. Southern Pacific Company,* 105 Ariz. 442, 444, 466 P.2d 736, 738 (1970). To apply that policy to these facts, however, would punish appellant for failing to commence an action which the courts would have dismissed had he commenced it. If there was no enforceable right until the marriage terminated, *Windauer v. O'Connor,* supra, the cause of action could not have accrued until the dissolution on March 10, 1975. Thus, as appellant urges, the statute of limitations did not begin to run until that time.

Because we find that the action did not accrue until the dissolution, we need not re-examine the broader question of whether the statute of limitations is tolled by coverture. *See Vana v. Elkins,* 20 Ariz.App. 557, 514 P.2d 510 (1973).

We are mindful of the important policy issues surrounding this opinion. Appellee contends that the statute of limitations ran from the time of the tort, and that the action was barred only by the doctrine of interspousal immunity; accordingly, she argues that appellant should have obtained a dissolution of the marriage within the two-year statutory period. From *Windauer* and *Burns v. Burns,* 111 Ariz. 178, 526 P.2d 717 (1974), appellee recites that " . . . an intentional tort inflicted by one spouse on another so clearly destroys the concept of unity that the basis for the doctrine is lost." 111 Ariz. at 179, 526 P.2d at 718. She fails to appreciate, however, the significance of the holding in *Burns* that spousal immunity is not abrogated for a negligence action, even after divorce. There, even in a situation where the marriage was already terminated, the court refused to embrace a policy which on the whole might have the effect of disrupting marital harmony. Likewise, permitting the statute of limitations to run from the time of the tort might encourage parties to file for dissolution in order to maintain a suit, as appellee would have us require. Whether or not an intentional interspousal tort is a clear indication of marital breakdown, we decline to adopt a rule which would discourage attempts at reconciliation.

Finally, we are not persuaded by the argument that the result we reach would authorize interspousal tort suits any time within two years after dissolution even though the dissolution did not occur until 20 years after the tort. Similar possibilities attend the removal of disabilities enumerated in A.R.S. § 12–502, but the potential prejudice to defendants there, as here, is outweighed by other interests.

Reversed and remanded.

HOWARD, C. J., and HATHAWAY, J., concur.