588 P.2d 850

**The STATE of Arizona, Appellee,**

v.

**Frank Arroyo DORAME, Appellant.**

**No. 2 CA–CR 1423.**

Court of Appeals of Arizona, Division 2.

Oct. 17, 1978.

Rehearing Denied Nov. 22, 1978.

Review Denied Dec. 12, 1978.

John A. LaSota, Jr., Atty. Gen., by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Benjamin W. Lazarow, Harley D. Kurlander, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of vehicular manslaughter with gross negligence. He contends that the trial court erred in giving instructions to the jurors while they were being impaneled, in admitting a suicide note into evidence and in commenting on the evidence. We do not agree.

When impaneling the jurors the trial court told them that if they found the defendant guilty, they had ". . . the power to state whether the punishment shall be in the County Jail or State Prison". This was incorrect. The jury's power under A.R.S. Sec. 13–457(C)(1) is limited to a recommendation of incarceration in the county jail and it has no power to recommend incarceration in the state prison. In any event, the error was subsequently cured when the trial court gave its instructions to the jury. At that time, it correctly stated the law.

Appellant contends that the trial court also erred in its final instructions, when it informed the jury that vehicular manslaughter, when committed with gross negligence, is a felony. This instruction was not correct as vehicular manslaughter can be treated as a misdemeanor under A.R.S. Sec. 13–457(C)(1). However, appellant failed to object to it. The instruction caused no prejudice because it was followed by an instruction informing the jury that it still had the right to recommend imprisonment in the county jail. There was no fundamental error and the error was waived by the failure to object.

In order to understand the relevancy of the "suicide note", recitation of some facts is in order. In the early morning hours of January 22, 1977, appellant was

driving his car with his wife as a passenger. He failed to negotiate a curve and the car rolled over several times. His wife was thrown from the automobile and killed. On the day of the accident, this note was found by the victim's mother on the victim's bedroom dresser:

"To whom it may concern:

To my 3 beloved children. I hope and pray that they will forgive me and hope as screwy as it may seem this is the only way out for me. As far as Joanie is concerned, she can continue with her life unhindered by me so that she can accomplish whatever she wants to.

Being of sound body and questionable mind, I say goodbye. I'm sorry.

/s/ Frank Dorame"

The note was not evidence of a prior bad act. It was admissible to show gross negligence. It tended to prove the accident was in a reality a suicide attempt and that appellant was therefore acting in reckless disregard for the life and safety of his wife. It was found on the victim's dresser on the day of the accident and the jury could therefore infer that it had just been written despite appellant's contention that he wrote it a year before.

■ The court instructed the jury that a violation of the basic speed law is an act inherently dangerous to human life and safety, amounting to a misdemeanor. It also instructed that driving while intoxicated is an act inherently dangerous to human life and safety and amounts to a misdemeanor. Appellant did not object to these instructions but now claims they constituted a comment on the evidence, a fundamental error which cannot be waived by failure to object. We do not agree. The judge comments on the evidence when he expresses his opinion to the jury as to what the evidence shows or does not show, or when he assumes any particular fact, which has been disputed, is a fact proven. *State v. Vann*, 11 Ariz.App. 180, 463 P.2d 75 (1970). The challenged instructions did not constitute a comment on the evidence and appel-lant is precluded from raising the issue on appeal.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.