606 P.2d 812

**James T. JUREK, Petitioner,**

v.

**Sharon L. JUREK, Respondent.**

**No. 14108–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 30, 1980.

Rehearing Denied Feb. 26, 1980.

Ray C. Brown, Tucson, for petitioner.

Bachstein & Coffey by Harry S. Bachstein, Jr., Tucson, for respondent.

HOLOHAN, Vice Chief Justice.

James T. Jurek filed an appeal challenging the disposition of property made by the superior court in its decree of dissolution of the marriage of the parties. The sole question raised on appeal is whether the superior court erred in awarding the wife one-half of any recovery which the husband might receive for a personal injury he received two days after he filed for dissolution.

The Court of Appeals, in a memorandum decision, affirmed the judgment of the trial court. *Jurek v. Jurek*, 2 CA–CIV 2935, filed October 30, 1978. We granted the appellant's petition for review. The decision of the Court of Appeals is vacated.

The parties had been living separately for approximately four months and on January 28, 1977, the appellant husband filed a petition for dissolution of the marriage. Two days later he sustained an injury which resulted in the loss of his right hand and half of his right forearm. The trial court ruled that the personal injury claim arising out of the husband's injury was a community asset; therefore the wife was entitled to one-half of any proceeds received in satisfaction of the claim.[1]

 Initially we reject the husband's assertion that the filing of the dissolution action should alter the scheme of distribution of community assets acquired after the filing of the action but before the granting of the dissolution. This assertion is not supported by the applicable statutes or case

1. Appellant was awarded benefits under Workmen's Compensation; but no claim to the amount of these benefits was made by appel-

lee. The dispute is limited to the amount which may be recovered under a third-party tort claim.

law. The appellate courts of this state have consistently held that the community continues to exist, together with its rights and obligations, even when the parties may be living separate and apart. *Flowers v. Flowers*, 118 Ariz. 577, 578 P.2d 1006 (App. 1978); *Neal v. Neal*, 116 Ariz. 590, 570 P.2d 758 (1977); *Guerrero v. Guerrero*, 18 Ariz. App. 400, 502 P.2d 1077 (1972); *Rodieck v. Rodieck*, 9 Ariz.App. 213, 450 P.2d 725 (1969).

The long-standing rule in Arizona has been that a cause of action for injury to the person of either spouse during marriage and the damages recovered therefor are community property. *Pacific Construction Co. v. Cochran*, 29 Ariz. 554, 243 P. 405 (1926). The rule announced in 1926 has been followed consistently ever since. *See Heimke v. Munoz*, 106 Ariz. 26, 470 P.2d 107 (1970); *Tinker v. Hobbs*, 80 Ariz. 166, 294 P.2d 659 (1956); *Dawson v. McNaney*, 71 Ariz. 79, 223 P.2d 907 (1950); *Fox Tucson Theatres Corp. v. Lindsay*, 47 Ariz. 388, 56 P.2d 183 (1936); *City of Phoenix v. Dickson*, 40 Ariz. 403, 12 P.2d 618 (1932).

In *Flowers v. Flowers, supra*, in a specially concurring opinion Judge Jacobson of the Court of Appeals suggested that the long-standing rule on the community nature of personal injury recoveries was incorrect in light of later developments in the law. Appellant urges that we abandon the rule.

The rule announced in *Pacific Construction* was based upon the general rule in community property states particularly California. *See McFadden v. Santa Ana, O. & T. St. Ry. Co.*, 87 Cal. 464, 25 P. 681 (1891); *Dunbar v. San Francisco-Oakland Terminal Rys.*, 54 Cal.App. 15, 201 P. 330 (1921); *Basler v. Sacramento Gas & Electric Co.*, 158 Cal. 514, 111 P. 530 (1910). There was no analysis in our early cases of the various component parts which make up a recovery for personal injuries. In other jurisdictions the general rule fell into disfavor. *See* annotation in 35 A.L.R.2d 1199 (1954); de Funiak and Vaughn, *Principles of Community Property* § 82 (2d ed. 1971).

The Arizona statutes applicable to the issue define the property interests as:

"All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, is the community property of the husband and wife." A.R.S. § 25–211.

"All property, real and personal, of each spouse, owned by such spouse before marriage, and that acquired afterward by gift, devise or descent, and also the increase, rents, issues and profits thereof, is the separate property of such spouse." A.R.S. § 25–213.

The proper interpretation of these statutes is the essence of the problem. As stated in de Funiak and Vaughn:

"The frequently evident dissatisfaction with the frequently inadequate reasons given for the doctrine that compensation for personal injuries to a spouse is community property lie in an incomplete understanding of the true principles of community property. This incomplete understanding in itself often leads to a too literal interpretation of the local statutes." *Id.* § 82 at 201.

In construing community property statutes, the basic principles applicable to such property are often ignored. The underlying distinction between onerous and lucrative[2] titles is often overlooked. As noted in de Funiak and Vaughn:

"Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is, by labor or industry of the spouses, or which is acquired in exchange for community property (which, of course, was acquired itself by onerous title, again with the exception as to the gift). It must be plainly evident that a right of action for injuries to person, reputation, property, or the like, or the compensation received therefor, is not property acquired by onerous title. The labor

---

2. Property acquired by gift, succession, inheritance, or the like is acquired by lucrative title. *See* 15A Am.Jur.2d *Community Property* § 3;

de Funiak and Vaughn, *Principles of Community Property* § 62.

and industry of the spouses did not bring it into being. For that matter, it is not property acquired by lucrative title either. What then, is it? Since the right of action for injury to the person, or for that matter, to the reputation, is intended to bring about compensation for the injury, and the compensation is intended to repair or make whole the injury, so far as is possible in such a case, the compensation partakes of the same character as that which has been injured or suffered loss." *Id.* § 82 at 201 and 202. (Footnotes omitted.)

The rule that a cause of action for personal injuries to either spouse was community property was based on a construction of the meaning of the word "acquired" as used in A.R.S. § 25–211 and its predecessors. The cause of action arose during marriage; therefore it was property "acquired" during marriage, and it was not property acquired by gift, devise, or descent.

In *Fredrickson & Watson Const. Co. v. Boyd*, 60 Nev. 117, 102 P.2d 627 (1940) the Nevada Supreme Court declared that the word "acquired," as used in a community property statute similar to Arizona's, should not be construed to mean every known mode and manner of property acquisition. The Nevada court noted that the word should be read and interpreted in the light of the uses and purposes of community property and the establishment of community right. As thus read the court concluded that the word was not meant to apply to compensation for an injury to the person which arises from the violation of the right of personal security, which right a spouse brings to the marriage. *See id.,* 102 P.2d at 629.

Following the decision of the Nevada Supreme Court in the *Boyd* case, the New Mexico Supreme Court in *Soto v. Vandeventer*, 56 N.M. 483, 245 P.2d 826 (1952) held that a cause of action for personal injuries to a wife and for the resultant pain and suffering belonged to her as her separate property. The New Mexico Supreme Court reasoned that the wife brought her body to the marriage and on its dissolution

is entitled to take it away, so she should be similarly entitled to compensation from one who has wrongfully violated her right to personal security. To emphasize the point the New Mexico court pointed out:

"Under the majority doctrine, if the wife were riding a horse she had brought to the marriage and some driver of a motor vehicle negligently struck her and the horse, throwing both into a wire fence, breaking the leg of each and also disfiguring them, the cause of action for the damage to the horse would belong to the wife, but that for the injury to her would belong to the community and the husband would receive one half of the proceeds of a judgment." *Id.,* 245 P.2d at 832.

If the personal injury to a spouse results in loss of wages and expenses for hospital and medical care, what is the result? Such losses and expenses are injuries to the community, and the recovery for such items belongs to the community. *Soto v. Vandeventer, supra*; de Funiak and Vaughn § 82 pages 202 and 203.

In the case at issue the serious injuries to the appellant are personal to him. In the same fashion as pointed out in *Soto*, the body which he brought to the marriage is certainly his separate property. The compensation for injuries to his personal well-being should belong to him as his separate property. Any expenses incurred by the community for medical care and treatment and any loss of wages resulting from the personal injury should be considered community in nature, and the community is entitled to recover for such losses.

The judgment of the superior court awarding to the appellee wife one-half of any recovery received by appellant for his personal injuries is reversed, and the cause is remanded to the trial court for further proceedings. The superior court should determine the actual loss to the community for loss of wages and medical expense and make an equitable division of any recovery for such items. The remainder of any recovery, after deduction of the community

expenses and loss, shall be awarded to the appellant as his sole and separate property.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.