# 170

613 P.2d 834

Gordon T. ALLEY, esq., as Special Administrator of the Estate of Margaret J. Dorame, Deceased, and as Guardian ad Litem for Christopher A. Dorame, Ronald Z. Dorame and Frank G. Dorame, Surviving Minor Children of Decedent, Plaintiff/Appellant,

v.

Frank A. DORAME, Individually and as Personal Representative of the Estate of Margaret J. Dorame, Deceased, Defendant/Appellee.

No. 2 CA–CIV 3476.

Court of Appeals of Arizona,
Division 2.

April 28, 1980.

Rehearing Denied May 28, 1980.

Review Denied June 24, 1980.

Chaney & Blaser by Joe G. Chaney, Jr., Tucson, for plaintiff/appellant.

Fish, Briney, Duffield, Miller, Young & Adamson, P.C. by Richard Briney, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is a wrongful death action in which we are once again faced with the doctrine of interspousal immunity in tort cases.

Margaret Dorame was killed in an automobile accident caused by her husband who was later convicted of vehicular manslaughter with gross negligence.[1] Since under our wrongful death statute, A.R.S. Sec. 12–611, the appellant's right to recover depended upon the right of the wife to maintain an action had she survived, the trial court granted summary judgment in favor of Frank A. Dorame, husband of the deceased and father of the surviving minor children. See *Huebner v. Deuchle*, 109 Ariz. 549, 514 P.2d 470 (1973).

Appellant urges the abolition of the much discredited doctrine of interspousal immunity. Although we are bound by the decisions of our Supreme Court, we are not precluded from criticizing them. In *Burns v. Burns*, 21 Ariz.App. 337, 519 P.2d 190 (1974), vacated 111 Ariz. 178, 526 P.2d 717, we expressed our disagreement with this doctrine. We do so again but with more hope since the case of *Jurek v. Jurek*, 124 Ariz. 596, 606 P.2d 812 (1980), has eliminated the only legitimate reason that existed for following the doctrine.

The Supreme Court, in its *Burns* opinion, in response to our opinion, set forth three reasons for its adherence to the immunity doctrine. They were that (1) tort suits between spouses would disrupt marital harmony; (2) there would be a danger of fraud or collusion where the tort is covered by insurance; and (3) the tortfeasor would share in the proceeds of a judgment and

---

1. See *State v. Dorame*, 121 Ariz. 108, 588 P.2d 850 (App.1978).

thus benefit from his wrong. The court finally stated:

"We are of the opinion that any further erosion of the doctrine of interspousal tort immunity, short of complete abrogation, would create more problems than it would solve. Although we are not unaware of the many countervailing arguments in favor of complete abrogation, we still feel that such a measure should be accomplished by legislative action rather than through judicial fiat." 111 Ariz. at 181, 526 P.2d at 720.

It is difficult to understand how the court could rely on its first two reasons in the face of its decision in *Streenz v. Streenz*, 106 Ariz. 86, 471 P.2d 282 (1970), wherein it rejected these same two reasons in a case involving the parental immunity doctrine.

The Restatement (Second) of Torts, Sec. 895(F) (1977), which rejects the interspousal immunity doctrine, states in Comment d:

"These courts tended to discover or invent new arguments supporting this conclusion. Chief among them was the theory that personal tort actions between husband and wife would disrupt and destroy the peace and harmony of the home, contrary to the policy of the law. This was apparently on the premise that an uncompensated tort makes for peace in the family and that if the wife is sufficiently injured and incensed to want to sue her husband she will be soothed and mollified by denying her the remedy—and all this even though no disruption of domestic tranquility will result if she sues him for a tort against her property or brings a criminal prosecution. Not only is the folly of this readily apparent but the development and prevalence of liability insurance have gone far to remove whatever scant force the argument may ever have had. Other reasons suggested have been the possibility of trivial actions for petty annoyances and the possible danger of fictitious or fraudulent claims, particularly against insurance companies. These would seem to be poor justification for

denying all remedy for a serious and genuine wrong."

Since in *Jurek v. Jurek*, supra, the court held that compensation for injuries to a spouse's personal well-being is the separate property of that spouse,[2] the necessity for legislative action no longer exists and there is no longer any reason to prohibit one spouse from suing another to recover damages which are that spouse's separate property.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

2. The court also held that certain losses and expenses still are community property, such as loss of wages and expenses for hospital and medical care.