628 P.2d 49

**Sandra BRUMBAUGH, surviving natural mother of Paul Brumbaugh, a deceased minor, on her own behalf, Plaintiff/Appellant,**

v.

**PET INCORPORATED, Defendant/Appellee.**

**No. 2 CA–CIV 3743.**

Court of Appeals of Arizona, Division 2.

Feb. 19, 1981.

Rehearing Denied April 8, 1981.

Review Denied May 5, 1981.

Stompoly & Even, P.C. by Barry Kirschner, Tucson, for plaintiff/appellant.

Jones, Dickerman, Nuckolls, Edwards & Smith, P.C. by Philip Hawley Smith, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

This appeal arises from the entry of summary judgment in favor of appellee, Pet Corporation, and against appellant, Sandra Brumbaugh.

The facts necessary for a determination of this case are as follows. Paul Brumbaugh, appellant's minor son, was killed in an automobile accident in which his father, William Brumbaugh, was driving. At the time of the accident, William was engaged in activities within the scope of his employment for appellee, Pet. Appellant, as the surviving natural mother of Paul, sued appellee on behalf of herself based solely on the negligence of its employee, her husband, William. In granting appellee's motion for summary judgment, the court determined that appellee could not be held liable "solely on the derivative negligence of its employee, William Brumbaugh." We reverse.

Appellant raises two issues for our consideration on appeal. First, that appellee is a proper defendant and that it cannot benefit from the immunity granted its agent under the doctrine of interspousal immunity and second, that any recovery from appellee would be appellant's personal and separate property.

The question of whether an employer can claim immunity from suit when its negligent agent possesses immunity is one of first impression in Arizona. Absent authority to the contrary, Arizona will follow the Restatement position which, in this case, supports appellant's claim. *Barnum v. Rural Fire Protection Company*, 24 Ariz.App. 233, 537 P.2d 618 (1975).

The rule that the principal cannot assert immunities personal to its agent is found in the Restatement (Second) Agency Sec. 217(b), pp. 468–69 which provides:

"In an action against a principal based on the conduct of a servant in the course of employment:

\*　　\*　　\*　　\*　　\*　　\*

(b) The principal has no defense because of the fact that:

(i) he had a non-delegable privilege to do the act, or

(ii) the agent had an immunity from civil liability as to the act."

Comment *b* further illustrates the point:

"*b. Immunities.* 'Immunity' is a word which denotes the absence of civil liability for what would be a tortious act but for the relation between the parties or the status or position of the actor. Illustrative of the immunities created by a relation between the parties are those resulting from the relation of parent and child and of husband and wife.... Immunities, unlike privileges, are not delegable and are available as a defense only to persons who have them.... where the principal directs an agent to act, or the agent acts in the scope of employment, the fact that the agent has an immunity from liability does not bar a civil action against the principal. *Thus, where a servant in the scope of employment negligently runs over his wife, an action against the master by the injured wife is not barred. This result is in accordance with the rule stated in this Section and is the rule adopted in most of the states.*" (Emphasis added) Id. at 469–70.

**14**

While some states favor the rule prohibiting recovery from the employer, the modern trend and majority of courts have adopted the rule that the doctrine of interspousal immunity does not relieve the employer of one spouse from liability for injury to the other resulting from the spouse-employee's negligence while acting within the scope of employment. *Fields v. Synthetic Ropes, Inc.*, 9 Storey 145, 59 Del. 145, 215 A.2d 427 (1965); *Mainer v. Cambron Construction Co.*, 237 So.2d 275 (D.C.Fla. App.1970); *Steward v. Borough of Magnolia*, 134 N.J.Super. 312, 340 A.2d 678 (1975); Prosser, Torts (3rd Ed.) Sec. 116 at 890; Annot. 1 A.L.R.3d 677, 689–99 and 702–06. We think this is the better rule and hold that appellee is not immune from suit on the basis of its agent's assertion of immunity from suit by appellant.[1]

Appellant's second assertion, that recovery from appellee would be her separate property, is also correct. *Jurek v. Jurek*, 124 Ariz. 596, 606 P.2d 812 (1980). In *Jurek*, our supreme court stated that the body which a spouse brings to the marriage is his separate property and to that extent, "... compensation for injuries to his personal well-being should belong to him as his separate property." 124 Ariz. at 598, 606 P.2d 812. We believe that the pain, suffering and mental anguish which appellant has suffered as a result of her loss are injuries to her well being within the contemplation of the *Jurek* court and thus, any award she recovers for these injuries is her separate property.[2]

Appellee asserts that appellant should not be permitted to maintain this action on behalf of herself and her husband because the latter's position as both the designated beneficiary and the negligent tortfeasor is legally untenable. His position is without merit, however, in view of the fact that the amended complaint, which was brought by appellant on behalf of herself and her husband, was withdrawn prior to the entry of partial summary judgment. The original complaint, brought by appellant on behalf of herself, is proper pursuant to our wrongful death statute, A.R.S. Sec. 12–612, which states in pertinent part:

"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

B. *Either parent may maintain the action for death of a child,* and the guardian for death of his ward.

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A in proportion to their damages, and if recovery is on behalf of the decedent's estate the amount shall be an asset of the estate." (Emphasis added)

There is no question but that appellant is a proper party plaintiff under A.R.S. Sec. 12–612(B).

Her measure of damages is determined pursuant to A.R.S. Sec. 12–613 and recovery for her injury will be her separate property.

The decision of the trial court granting summary judgment in favor of appellee is reversed and the case is remanded for a determination in accordance with our disposition.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

1. We note that extending interspousal immunity to a third party employer would in no way serve the purposes underlying the doctrine as set forth in *Burns v. Burns*, 111 Ariz. 178, 526 P.2d 717 (1974). See *Alley v. Dorame*, 126 Ariz. 170, 613 P.2d 834 (1980).

2. Any expenses incurred for hospital and medical care or the loss of wages resulting from her injury, however, would still be considered community in nature, and would not be recoverable. *Jurek v. Jurek*, supra; *Alley v. Dorame*, supra.