48 P.3d 494

Jessica Rae MONTAÑO, Petitioner,

v.

Hon. Christopher C. BROWNING, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,

and

Margaret Gutierrez and Marco Gutierrez, wife and husband, and Beatriz Gutierrez, their minor child, Real Parties in Interest.

No. 2 CA–SA 2002–0030.

Court of Appeals of Arizona, Division 2, Department A.

June 20, 2002.

would bar a negligence recovery in favor of Trustmark.

Chandler, Tullar, Udall & Redhair, LLP, by D.B. Udall, Tucson, for Petitioner.

Risner & Graham, by Kenneth K. Graham, Tucson, for Real Party in Interest.

## *OPINION*

BRAMMER, Presiding Judge.

¶ 1 Petitioner Jessica Rae Montaño moved to dismiss the underlying personal injury action brought by real parties in interest Margaret Gutierrez and her husband Marco Gutierrez on their own behalf and on behalf of their minor child, real party in interest Beatriz Gutierrez, on the ground that Margaret and Marco's action was time barred by the statute of limitations.[1] The respondent judge denied the motion, finding that the statute of limitations had been tolled until Montaño's eighteenth birthday. Montaño seeks special action relief from that ruling.

¶ 2 Montaño has no equally plain, speedy, or adequate remedy by appeal. *See Fernandez v. Garza,* 93 Ariz. 318, 380 P.2d 778 (1963) (denial of motion for summary disposition not an appealable order); *Engle Bros., Inc. v. Superior Court,* 23 Ariz.App. 406, 533 P.2d 714 (1975) (special action relief appropriate when trial court erroneously denied motion to dismiss based on statute of limitations). Additionally, the issue she raises is purely a question of law. *See Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383 (1973) (special action jurisdiction appropriate to review purely legal question as to applicability of statute of limitations to undisputed facts when correct ruling would avoid expense and

---

1. Montaño concedes that Beatriz's cause of action is not barred by the statute of limitations. *See* A.R.S. § 12–502.

delay of unnecessary trial). Further, insofar as we can tell, this is an issue of first impression, both in Arizona and the nation, an additional reason to accept jurisdiction. *See Sanchez v. Coxon,* 175 Ariz. 93, 854 P.2d 126 (1993). Consequently, we accept jurisdiction of this special action and, finding the respondent judge abused his discretion in denying the motion to dismiss, we grant relief. Ariz. R.P. Special Actions 1(a) and 3, 17B A.R.S.

¶ 3 The limitations period applicable to an action for personal injury is two years. A.R.S. § 12–542. The underlying action arose from an October 13, 1999, motor vehicle collision between a car driven by then seventeen-year-old Montaño and a car driven by Margaret in which her one-year-old daughter Beatriz was a passenger. Montaño turned eighteen on January 18, 2000. Margaret filed her complaint on October 19, 2001, two years and six days after the collision but well within two years of Montaño's eighteenth birthday. Montaño moved to dismiss the personal injury action on the ground that it had been filed more than two years after the accident had occurred and was therefore time barred. Denying Montaño's motion, the respondent judge ruled as follows:

> The Court believes that the statute of limitations is tolled during one's minority and that a cause of action only begins to accrue for purposes of the application of the statute of limitations once the individual reaches majority.

> While there is apparently not a reported decision directly on point, there is a strong presumption in our State of litigating matters on the merits when possible. Technical defenses such as statute of limitations are generally disfavored. *See, Continental Casualty [Co.] v. Grabe Brick Co* [.], 1 Ariz.App. 214, 401 P.2d 168 (1965).

■ ¶ 4 The respondent judge was correct that the resolution of claims on their merits is favored. And, although dismissal of an action based on expiration of the statute of limitations is generally disfavored, *see Gust, Rosenfeld & Henderson v. Prudential Ins. Co.,* 182 Ariz. 586, 898 P.2d 964 (1995), claims that are clearly brought outside the relevant limitations period are conclusively barred. *See Hall v. Romero,* 141 Ariz. 120,

685 P.2d 757 (App.1984); *Gregory v. Porterfield,* 26 Ariz.App. 353, 548 P.2d 847 (1976). We review de novo "any questions of law relating to the statute of limitations defense," *Logerquist v. Danforth,* 188 Ariz. 16, 18, 932 P.2d 281, 283 (App.1996), and, as here, the determination of when a particular cause of action accrues if it hinges solely on a question of law rather than resolution of disputed facts. *See CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.,* 198 Ariz. 173, 7 P.3d 979 (App.2000); *Owens v. City of Phoenix,* 180 Ariz. 402, 884 P.2d 1100 (App.1994).

¶ 5 The legislature has provided for the tolling of the period of limitations under certain circumstances. Section 12–502, A.R.S., for example, states in pertinent part, as follows:

**Effect of minority or insanity**

> If a person entitled to bring an action other than those [involving real property] ... is at the time the cause of action accrues ... under eighteen years of age ..., the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others.

However, by its express terms, this statute applies only to a person *bringing* an action. Other statutes provide for the tolling of the limitations period based on circumstances involving persons against whom the action is brought in specific situations. *See* A.R.S. § 12–501 (limitations period tolled during defendant's absence from state); A.R.S. § 12–528 (in actions for recovery of real property, limitations period tolled during minority or insanity of plaintiff or defendant). Had the legislature intended the statute of limitations found in § 12–542 to toll during the minority of the person against whom a personal injury action is brought, it presumably would have so stated in § 12–502. *Cf. State v. Huskie,* 202 Ariz. 283, ¶ 8, 44 P.3d 161, ¶ 8 (App.2002) (" 'What a statute necessarily implies is as much a part of the statute as what the statute specifically expresses.' "), *quoting Guzman v. Guzman,* 175 Ariz. 183, 187, 854 P.2d 1169, 1173 (App.1993).

¶ 6 As she did in opposing the motion to dismiss, Margaret relies primarily on the following portion of *Pintek v. Superior Court*, 78 Ariz. 179, 183–84, 277 P.2d 265, 268 (1954):

> [A]n infant generally may sue or be sued, and is subject to and bound by the same rules of procedure as an adult litigant, yet an infant cannot bring or defend a legal proceeding in person, but must sue or be sued by a legally appointed guardian, or next friend or a guardian ad litem.

The *Pintek* court's only authorities for this dictum were 43 C.J.S. *Infants* § 103 (now § 215) and 27 Am.Jur. *Infants* § 116. The cited section in the latter encyclopedia does not address whether a minor defendant may be joined to a legal action as a party defendant without first having the court appoint a guardian ad litem; rather, it discussed the ability of a minor to appear in a legal action. The discussion in the current version of the former authority, 43 C.J.S., *Infants* § 215 (1978), essentially mirrors the above-quoted excerpt from *Pintek*, but sheds no further light on when in the course of the legal proceeding the guardian, next friend, or guardian ad litem must be appointed. Indeed, *Pintek* did not address any statute of limitations issue at all and held only that minors had "no right to appear by an attorney of their own choosing without first" having the court appoint a "next friend or guardian ad litem" to act on their behalf. 78 Ariz. at 184, 277 P.2d at 268. Nonetheless, Margaret relies on this dictum in *Pintek* for the proposition that one may not bring a cause of action against a minor unless and until a guardian is appointed by the court or the minor reaches the age of majority.

¶ 7 Actions are commonly brought against minors. *See, e.g., Boomer v. Frank*, 196 Ariz. 55, 993 P.2d 456 (App.1999) (action in tort brought against minor defendant apparently without prior appointment of guardian); *Tax Collector of the City of New Haven v. Miley*, 34 Conn.App. 634, 642 A.2d 747 (1994) (no requirement that parent or guardian of defendant minor be served with process). And, no statute, rule, or applicable case law precludes a timely filed lawsuit against a minor defendant or otherwise supports Margaret's assertion that, before Montaño reached the age of eighteen years, an action "could not be filed against her absent her having had a general guardian, next friend, or guardian ad litem appointed by the court." Lastly, appearing in an action is far different than being named in one as a defendant. *Pintek* merely tells us that, once named as a defendant, a minor must have a court-appointed guardian ad litem or next friend only as a condition precedent to making an appearance.

¶ 8 Moreover, the rules of civil procedure related to service of process implicitly recognize that the appointment of a guardian is not a predicate to the commencement of an action against a minor. Rule 4.1(d), Ariz. R.Civ.P., 16 A.R.S., Pt. 1, sets forth the general procedures for the personal delivery of a summons and a complaint to a defendant of unspecified age. Rule 4.1(e) applies to minors under the age of sixteen years and requires that service be made not only on the minor but also on the minor's parent, guardian, or person having care or control of the minor. Rule 4.1(f) applies to minors for whom a guardian or conservator has already been appointed in this state and requires service on the minor and the guardian or conservator. Rule 4.1(d) therefore implicitly applies to minors between sixteen and eighteen years of age for whom a guardian or conservator has not been appointed. *See* Charles M. Smith, *Arizona Civil Trial Practice* § 222, at 210 (1986) ("Apparently, if the minor defendant is sixteen years of age or over, only the minor need be served unless an Arizona guardian (conservator) has been appointed for the minor's estate.").

¶ 9 Margaret argues that permitting a cause of action against a sixteen- or seventeen-year-old who is legally incapable of personally defending against the claim without the requisite appointment of a guardian opens the door to potential problems. For example, she warns us that the minor might subsequently default and that a minor without an appointed guardian would not be bound by any default or settlement. *See Gomez v. Maricopa County*, 175 Ariz. 469, 857 P.2d 1323 (App.1993). But Rule 17(g), Ariz.R.Civ.P., 16 A.R.S., Pt. 1, which is enti-

tled "Infants or incompetent persons," anticipates such problems and provides that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." This rule empowers the trial court to take the necessary steps to ensure that minors or other incompetent persons are capable of defending actions brought against them. *See Cubbison v. Cubbison,* 45 Ariz. 14, 40 P.2d 86 (1935) (finding trial court obligated to vacate default judgment rendered against presumptively insane defendant, and to appoint guardian ad litem for defendant, even in absence of request by defendant). Rule 17(g) presupposes the existence of an action against the individuals to whom it applies; otherwise it would have no application. Our supreme court is presumed not to promulgate superfluous or unnecessary rules of procedure. *See Patterson v. Maricopa County Sheriff's Office,* 177 Ariz. 153, 865 P.2d 814 (App.1993).

¶ 10 Margaret additionally argues that the statute of limitations could not have begun to run on her claim because Montaño did not have a legally appointed guardian ad litem and, consequently, Margaret did not know whom to sue. Margaret argues that her cause of action did not "accrue until [she knew] or should have known of both the *what* and *who* elements of" her claim. *Lawhon v. L.B.J. Institutional Supply,* 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (App.1988). Margaret contends that, because Montaño had no legally appointed representative, she could not discover "who" was legally responsible for her damages and that she could not file her action until she knew that information. But Margaret's only claim was that Montaño was, in fact, responsible for the accident that had resulted in her injuries, and the date of the accident is not disputed. This is not a case in which " 'the plaintiff's injury or the conduct causing the injury [was] difficult for plaintiff to detect.' " *Walk v. Ring,* 202 Ariz. 310, ¶ 21, 44 P.3d 990, ¶ 21 (2002), *quoting Gust, Rosenfeld,* 182 Ariz. at 590, 898 P.2d at 968. The record before us makes clear that Margaret knew both the "what" and the "who" of her claim, and that she could have filed her action against Montaño any time after the accident and within the period allowed by § 12–542.[2]

¶ 11 Finally, we note two arguments Margaret briefly made in her response to the petition for special action, without citation to authority, and asserted at oral argument as well. The first is that Montaño has shown no prejudice resulting from the complaint having been filed after expiration of the limitations period. Thus, Margaret contends, there is no good reason to bar her action. Secondly, citing A.R.S. § 14–5405, she claims that, because it would have taken at least fourteen days to have a guardian appointed for Montaño, the limitations period should be extended by an equivalent period to permit filing against an appointed guardian. We have not been provided, nor have we been able to find, any authority supporting these positions. Additionally, these contentions are inconsistent with relevant precedent. *See Hall.* We therefore reject the notion that the merit of a statute of limitations defense hinges on whether the untimely filing of the action had prejudiced the defendants. For those same reasons, we likewise decline Margaret's invitation to construe the applicability of § 12–542 to exclude actions filed against minors for whom a guardian ad litem has not been appointed.

¶ 12 Because Margaret filed her action against Montaño more than two years after it had accrued, her action and any derivative claim of her husband's is time barred by § 12–542. *See Engle Bros.* The respondent judge erred as a matter of law by finding the limitations period had been tolled until Montaño reached the age of majority and therefore abused his discretion in deny-

---

2. Margaret also argues that she was legally unable to sue Montaño for her injuries, relying on *Griesmer v. Griesmer,* 116 Ariz. 512, 570 P.2d 199 (App.1977). In that case, we concluded that a man could sue his former wife more than two years after the tort had occurred, but within two years after the parties were divorced, on the ground any action filed prior to the divorce would have been barred by spousal immunity. There is no such immunity in the case before us. *Griesmer* is simply inapposite.

ing Montaño's motion to dismiss the complaint on that basis. *See Grant v. Arizona Pub. Serv. Co.,* 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982) (abuse of discretion when "there has been an error of law committed in the process of reaching the discretionary conclusion"). Accordingly, we reverse the respondent judge's January 29, 2002, order denying the motion with respect to the claims of Margaret and her husband Marco.

CONCURRING: M. JAN FLÓREZ, Judge, and JOHN PELANDER, Judge.