IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KAREN K. HEFNER,
*Petitioner/Appellee-Cross Appellant*,

*v.*

GARY S. HEFNER,
*Respondent/Appellant-Cross Appellee.*

No. 1 CA-CV 18-0404 FC
FILED 12-10-2019

Appeal from the Superior Court in Maricopa County
No. FN2015-050301

The Honorable Jennifer E. Green, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Dickinson Wright, PLLC, Phoenix
By Leonce A. Richard III
*Counsel for Petitioner/Appellee-Cross Appellant*

Ellsworth Family Law, P.C., Mesa
By Steven M. Ellsworth, Glenn D. Halterman (argued)
*Counsel for Respondent/Appellant-Cross Appellee*

_____

**Opinion**

_____

Judge Paul J. McMurdie[1] delivered the opinion of the Court, in which Presiding Judge Michael J. Brown joined. Judge Kenton D. Jones concurs in part and dissents in part.

_____

**M c M U R D I E**, Judge:

**¶1**         Gary Hefner ("Husband") appeals, and Karen Hefner ("Wife") cross-appeals, from a decree dissolving their marriage. Between them, the parties assert that the superior court erred by: (1) treating personal injury damages related to two automobile accidents as community property; (2) finding an auto-repair business was Husband's separate property and Wife was not entitled to a community lien on the property; (3) denying both parties reimbursement for expenses paid during the dissolution proceedings; and (4) awarding Wife only a portion of her attorney's fees. For the following reasons, we affirm the orders regarding attorney's fees and costs, business assets, and reimbursements; but vacate the court's order regarding the classification of the personal-injury settlement monies and remand for correction of the decree on that issue.

**FACTS AND PROCEDURAL BACKGROUND**[2]

**¶2**         In 2015, Wife petitioned for dissolution of the parties' thirty-four-year marriage. At that time, Husband was in the process of negotiating settlements for personal injuries he sustained in two separate automobile accidents. Since 1998, Husband operated Hefner Auto Repair, Inc. ("the business"), an auto-repair shop purportedly gifted to him by his father, Frank Hefner.

**¶3**         After the January 2017 trial on the petition for dissolution, the superior court determined the personal-injury damages were community

_____

[1]     Due to the untimely passing of the Honorable Jon W. Thompson after this case was submitted, Judge Paul J. McMurdie substituted for him on the panel.

[2]     We view the facts in the light most favorable to sustaining the superior court's findings and orders. *Alvarado v. Thomson*, 240 Ariz. 12, 13, ¶ 1, n.1 (App. 2016).

property and divided them equally between the parties. The court found the business was Husband's separate property and awarded it to Husband. The court denied the parties' competing claims for reimbursement of expenses paid during the proceedings but awarded Wife a portion of her attorney's fees because Husband had greater financial resources.

¶4        The superior court resolved several post-trial motions in a manner that did not affect the provisions of the decree relevant to this appeal but granted a hearing to consider whether Wife was entitled to a share of the increased value of the business attributable to the community's contribution. After reviewing the additional evidence and argument, the court denied Wife's motion. Husband appealed and Wife cross-appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), -2101(A)(1), and -2101(A)(5)(a), and Arizona Rule of Family Law Procedure 78(c) (2019).

## DISCUSSION

¶5        Husband argues the superior court erred by treating his personal-injury damages related to the two automobile accidents as community property because it was not his burden to prove what parts of the awards were separate property. Wife argues the superior court erred by classifying Husband's business as separate property, denying her reimbursement for paying post-dissolution expenses, and awarding her only a portion of her attorney's fees.

¶6        The superior court's characterization of property is a question of law that we review *de novo. In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000). However, we review the division of property and debts, factual determinations, and award of attorney's fees under A.R.S. § 25-324 for an abuse of discretion "and reverse only when clearly erroneous." *In re Marriage of Gibbs*, 227 Ariz. 403, 406, ¶ 6 (App. 2011); *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014) (division of property); *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010) (factual determinations); *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 20 (App. 2016) (attorney's fees). A trial court abuses its discretion when it misapplies the law or predicates its decision on incorrect legal principles. *Hammett v. Hammett*, 2019 WL 5556953, *3, ¶ 13 (App. Oct. 29, 2019).

A.      **Husband's Personal-Injury Settlements Are Presumptively His Separate Property, and the Community Proponent Has the Burden to Show Otherwise.**

¶7         The superior court held that all of Husband's injury awards were community assets because he had "not sustained his burden as to proving what portion of the [injury settlements] should be considered sole and separate property." Wife concedes that "damages for pain and suffering belong to the injured spouse as his or her separate property," citing *Jurek v. Jurek*, 124 Ariz. 596 (1980). However, she argues that it was Husband's burden to prove what portion of his injury settlements were his separate property because the proceeds were acquired during the couple's marriage. Conversely, Husband argues *Jurek* creates a presumption that funds intended to compensate a spouse for personal injury are separate property and places the burden upon the non-injured spouse to prove what portion, if any, represents compensation for community losses. He contends the superior court erred by burdening him with the responsibility of establishing the personal-injury proceeds were his separate property.

¶8         All property acquired during the marriage, except that obtained through gift, devise, or descent, is community property. A.R.S. § 25-211(A). But a spouse's "personal property that is owned by that spouse before marriage . . . is the separate property of that spouse." A.R.S. § 25-213(A). "Acquired" as used in A.R.S. § 25-211(A) "was not meant to apply to compensation for an injury to the person which arises from the violation of the right of personal security, which right a spouse brings to the marriage." *Jurek*, 124 Ariz. at 598. This is because "the body which [the spouse] brought to the marriage is certainly [that spouse's] separate property." *Id.* Accordingly, compensation for an injury to a spouse's personal well-being belongs to that spouse as separate property. *Id.*; *see also Koelsch v. Koelsch*, 148 Ariz. 176, 180, n.4 (1986) ("In *Jurek* we held that recoveries for personal injuries were separate property since a spouse brings the right to personal security into the marriage." (citation omitted)).

¶9         The spouse seeking to overcome a presumption of asset characterization has the burden of establishing the character of the property by clear and convincing evidence. *Hatcher v. Hatcher*, 188 Ariz. 154, 159 (App. 1996); *see also Guthrie v. Guthrie*, 73 Ariz. 423, 426 (1952) (separate property remains separate if it can be identified). As applied here, that means the non-injured spouse must establish the amount of the personal-injury settlement to which the community is entitled—if any. *See Valento*, 225 Ariz. at 481 ("When the community contributes capital to separate property, it acquires an equitable lien against that property.");

*Hanrahan v. Sims*, 20 Ariz. App. 313, 318 (1973) ("The remedy of the possessor of an equitable lien is to come into a court of equity and have his lien recognized, declared, and if necessary, enforced.").

¶10        Because Husband's separate property—his body—sustained the injury, the presumption is that any proceeds awarded to him for his "cause of action" remain his separate property until proven otherwise by the non-injured spouse. *Jurek*, 124 Ariz. at 598. Accordingly, it was Wife's burden to establish the amount of the settlement to which the community was entitled.

¶11        The Dissent maintains that we put too much weight on the dispositional paragraph in *Jurek* to overcome the "enduring precedent" of what constitutes acquired property. *Infra,* at ¶¶ 27–28. We can hardly be faulted for ordering the exact same relief as our supreme court ordered in *Jurek* with the same instructions to the superior court. *Jurek*, 124 Ariz. at 598–99 ("The superior court should determine the actual loss to the community . . . . [and] [t]he remainder of any recovery, after deduction of the community expenses and loss, shall be awarded to the appellant as his sole and separate property."); *see Resolution Tr. Corp. v. Segel*, 173 Ariz. 42, 44 (App. 1992) (a statement from a court expressly declaring a guide for future conduct is considered authoritative and must be followed). Likewise, courts reviewing *Jurek* claims have followed the dispositional order of the court.[3] If our supreme court wishes to modify its holding in *Jurek*, it is

---

[3]        *See Helland*, 236 Ariz. at 200, ¶ 11 ("[C]ompensation for a spouse's personal injuries—even if received during the marriage—belongs to that spouse as separate property." (citing *Jurek*, 124 Ariz. at 598)); *Am. Express Travel Related Servs. Co., Inc. v. Parmeter*, 186 Ariz. 652, 654 (App. 1996) ("Applying [the *Jurek*] principles to this case, we cannot say the trial court erred in finding that the attorney's fees [the injured spouse] incurred in defending his separate property are themselves separate property."); *Bugh v. Bugh*, 125 Ariz. 190, 192 (App. 1980) ("[P]ersonal injury recoveries are the separate property of the injured spouse except insofar as the recovery is for lost wages and expenses for hospital and medical care incurred during the marriage." (citing *Jurek*, 124 Ariz. at 598)).

certainly free to do so; but we are not.[4] *City of Phoenix v. Leroy's Liquors Inc.*, 177 Ariz. 375, 378 (App. 1993) (court of appeals is bound by decisions of the supreme court and may not "overrule, modify, or disregard them"); *Powers v. Taser Int'l, Inc.*, 217 Ariz. 398, 404, ¶ 21 (App. 2007) (same).

**¶12**      The court erred by awarding Wife half of the personal-injury awards without evidence that the community was entitled to *any* of the award. On appeal, Husband recognizes some portion of the awards may represent community reimbursement. We, therefore, vacate and remand that portion of the decree allocating to Wife a part of the injury settlements. On remand, Wife may seek to prove what portion of the awards were reimbursement to the community, and the remainder shall be awarded to Husband as his separate property.

**B.**      **The Superior Court Correctly Characterized Husband's Business Assets as Separate Property.**

**1.**      **Husband's Business is His Separate Property.**

**¶13**      On cross-appeal, Wife argues the superior court erred by awarding the business to Husband as his separate property. Specifically, Wife argues the court erred when it "lost sight of the marital asset actually at issue," the corporate entity, and focused instead on the accounts, building, and property held by the corporation. We disagree that this distinction is material. "[I]ncorporation during marriage d[oes] not transmute the character of the property." *Rowe v. Rowe*, 154 Ariz. 616, 619 (App. 1987). *superseded by statute on other grounds as stated in Myrick v.*

---

[4]      Even though the issue of whether *Jurek* was correctly decided is not before us, we would note practical reasons why the supreme court could have reached their conclusion. There are varying economic and non-economic components of an injury settlement—pain and suffering, lost wages, and medical expenses. *See Hatcher,* 188 Ariz. at 158 (personal injury recoveries "have various component parts" that may be subject to division upon dissolution) (Thompson, J.). To a great extent, the latter two categories are subject to objective proof, but pain and suffering—typically the remaining part of a verdict or settlement—is subjective. For that reason, equity supports our interpretation of *Jurek* that the burden should be on the party wanting to use the objective data to prove a community interest in the recovery. The burden for the non-injured party is less because the evidence is more objective; and, although the dissent disagrees, to reverse the burden would require the injured person to offer proof against his or her interest.

*Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014). To suggest otherwise elevates semantics over substance. *See Gerow v. Covill*, 192 Ariz. 9, 15, ¶ 27 (App. 1998) (the nature of the asset does not transmute "by merely changing the form of its ownership through incorporation").

**¶14**         The court found that Hefner Auto Repair, Inc. was created to facilitate the transfer of the business assets Frank Hefner intended to gift to Husband upon Frank's retirement.[5] After its creation, Husband served as the corporation's sole director and shareholder. *See Rowe*, 154 Ariz. at 619 (stock issued solely in one spouse's name evidenced the corporation was spouse's separate property). Frank later gave the real property and building associated with the business to Husband as "a married man as his sole and separate property." Husband, Frank, and Frank's attorney all understood it to be Frank's intent that Husband receive the business as his separate property as an advance upon his inheritance. The court's findings are supported by the record and support the conclusion that both the corporation and the assets associated with the business were Husband's separate property.

**¶15**         Although Wife points to evidence that she worked for the business and that the business periodically borrowed funds from the community, "[t]he status of property in Arizona, as to whether it is community or separate property, is established at the time of its acquisition." *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979). Therefore, these circumstances are not determinative. *See Rowe*, 154 Ariz. at 619 (concluding a spouse's separate-property business was not transformed into a community asset where the community was adequately compensated for services provided to the business by the other spouse); *Drahos v. Rens*, 149 Ariz. 248, 249 (App. 1985) ("[A] residence which is separate property does not change its character because it is used as a family home and mortgage payments are made from community funds."). We cannot say the superior court's findings and conclusions characterizing the business as Husband's separate property are not supported by the record. Accordingly, we affirm the court's ruling that the business is Husband's separate property.

---

[5]         Although Wife criticizes the superior court for not itemizing the specific assets transferred with the business, she does not identify in the record where she denied knowledge of what the transfer entailed. Wife cannot decline to call to the superior court's attention the lack of a specific finding on a critical issue and then urge this court to reverse on that basis. *Christy C. v. ADES*, 214 Ariz. 445, 452, ¶ 21 (App. 2007).

### 2. There Was No Evidence that the Business Increased in Value.

**¶16** Wife also argues the superior court erred when it declined to apportion an increased value of Husband's separate business to the community. *See Rueschenberg v. Rueschenberg*, 219 Ariz. 249, 254, ¶ 20 (App. 2008) ("[T]he trial court must equitably apportion the . . . increase in value (whether goodwill or otherwise) of the separate business if the efforts of the community caused a portion of that increase and substantial justice requires it."). She first argues the court applied the wrong burden of proof, a legal question we review *de novo. Am. Pepper Supply Co. v. Fed. Ins. Co.*, 208 Ariz. 307, 309, ¶ 8 (2004).

**¶17** Although Wife is correct that the spouse claiming property acquired during a marriage is separate must prove it so by clear and convincing evidence, what is at issue here is not the characterization of the asset as community or separate, but rather, whether its value increased at all.[6] When a spouse argues she has increased the value of the other spouse's separate property through community labor and funds, "the burden is on the claimant to show the amount of the increase." *Tester v. Tester*, 123 Ariz. 41, 44 (App. 1979). Thus, to the extent Wife claimed the value of the business increased during the marriage, she had the burden of proving the increased value.

**¶18** Wife next argues the superior court erred by finding that the evidence was "inconclusive . . . as to whether the business gained or lost value from the time of acquisition to the time of service."

**¶19** An appellant who "contend[s] on appeal that a judgment, finding or conclusion[] is unsupported by the evidence or is contrary to the evidence . . . must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion." Ariz. R. Civ. App. P. ("ARCAP") 11(c)(1)(B). Wife did not provide a transcript of

---

[6] Wife asserts the superior court had already found that the business had increased in value during the parties' marriage when it granted her motion for a new trial. The court's order, however, specifically states the issue for the evidentiary hearing as "whether the Court should determine and apportion the profits or increase in value of Husband's separate property between separate and community property." This language indicates the Court had not yet determined whether the business's value had increased.

the evidentiary hearing on the motion for a new trial where evidence regarding the existence and extent of any increased value of the business was presented. Because we are unable to review the evidence, we assume it would support the court's findings and conclusions, *see Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995), including the court's finding that Wife's expert testified that he did not know if the business value had increased and acknowledged the value could have decreased. On this record, we cannot say the superior court erred.

¶20 Wife alternatively claims she was unable to provide a valuation of the business at the time it was acquired because Husband routinely destroyed or refused to maintain the necessary financial records. The superior court rejected this argument, finding instead that Husband had provided Wife access to both his business records and his accountant, but she never attempted to obtain the information. Thus, the court found "Wife could have produced a baseline value for the business at the time of acquisition had she accessed the records."

¶21 Wife argues specific evidence suggests that information dating back to the Husband's acquisition of the business was no longer available. Husband's written closing argument indicates he testified otherwise. Because Wife did not provide a transcript of the evidentiary hearing, we presume it supports Husband's assertion, and the superior court's findings that the evidence existed and Wife elected not to pursue it.[7] On this record, we find no error.

## C. The Superior Court Did Not Abuse its Discretion by Denying Wife's Post-Petition Reimbursement Claims.

¶22 Wife argues the superior court erred when it denied her request for an order requiring Husband to reimburse her for the cost of his

---

[7] Although we are sensitive to Wife's suggestion that it would be unfair to punish a spouse who is unable to calculate the value of a separate business at the time it was acquired because the other spouse, whether through routine or malice, destroyed or failed to maintain records related to the business, that is not the case here. Moreover, we believe such circumstances, if and when they arise, can be addressed on a case-by-case basis through the superior court's broad discretion to remedy discovery violations, *see, e.g., Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009), and to value property based upon the particular circumstances, *see, e.g., Kelsey v. Kelsey*, 186 Ariz. 49, 51 (App. 1996).

health insurance. Wife argues this expenditure did not benefit the community and should have been paid solely by Husband.

¶23 Both parties requested reimbursement for expenses paid during the pendency of the dissolution. Wife does not dispute the superior court's findings that it could not clearly delineate "what portion of all of these expenses was for the benefit of the community, or simply for the benefit of one of the parties" but was nonetheless convinced the expenses were necessary; and both parties substantially contributed in equal shares to the effort. These uncontested findings support the court's collective denial of both parties' reimbursement requests, regardless of the specific nature of one category of expenses. Accordingly, the superior court did not abuse its discretion.

**D.    The Superior Court Did Not Abuse its Discretion by Limiting Wife's Attorney's Fees Award.**

¶24 Wife argues the superior court abused its discretion when it awarded her only $20,000 of approximately $46,000 she spent in attorney's fees. Wife reasons she should have been awarded a more significant amount of her fees because Husband has a financial advantage and acted unreasonably when he denied that any portion of the business was community property. But the superior court acknowledged and considered that Husband had greater financial resources when it made the award. The court also explicitly rejected Wife's claim that Husband acted unreasonably, "especially not in asserting the business was his sole and separate property." That finding is supported by both the record and our conclusions on appeal affirming the award of the business to Husband as his separate property. Finally, Wife does not dispute the court's finding that she acted unreasonably during the proceedings. Therefore, Wife has failed to show the court erred by awarding her only a portion of her attorney's fees.

## ATTORNEY'S FEES AND COSTS

¶25 Both parties request an award of attorney's fees on appeal under A.R.S. § 25-324. Having considered the relevant financial resources of the parties and the reasonableness of the positions asserted on appeal, we deny both parties' requests. Husband, as the successful party, is entitled to his costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶26          The portions of the judgment concerning Husband's business, post-petition health insurance reimbursements, and attorney's fees are affirmed. The judgment's characterization of the personal-injury settlements as community property is vacated and remanded to dispose of the property consistent with this opinion.


J O N E S, J., concurring in part, dissenting in part

¶27          In Arizona, with limited exception, property acquired during marriage is presumed to be community property. A.R.S. § 25-211(A). Husband argues, and the majority agrees, that *Jurek v. Jurek*, 124 Ariz. 596 (1980), creates a presumption that funds intended to compensate a spouse for personal injury are separate property and places the burden upon the non-injured spouse to prove what portion, if any, represents compensation for community losses. I disagree. "Personal injury damages" are not necessarily "personal," but rather, represent the mechanism by which the totality of the losses incurred from an accident are paid. These funds may include compensation for injuries to the person as well as compensation for losses suffered by the marital community to which the injured party belongs. Although our supreme court has clearly abandoned the traditional view that personal injury damages are, without exception, community property, I do not read *Jurek* to alter either the presumption of community property or the burden of proving otherwise.

¶28          In Arizona, "recovery for personal injuries is comprised of various component parts which may be either community or separate in nature." *Hatcher v. Hatcher*, 188 Ariz. 154, 157 (App. 1996) (citing *Jurek*, 124 Ariz. at 597-98). But the statutory presumption that all property acquired during the marriage is community property is both "fundamental to Arizona community property law," *Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979), and "strong," *In re Marriage of Foster*, 240 Ariz. 99, 101, ¶ 9 (App. 2016) (quoting *Carroll v. Lee*, 148 Ariz. 10, 16 (1986)). Our supreme court has long recognized the tenacity of that presumption:

> This presumption [of community property] can be rebutted only by strong, satisfactory, convincing, clear and cogent, or nearly conclusive evidence. In this respect it differs from most legal presumptions that are dispelled immediately upon the production of any evidence negativing the presumption. The court must be satisfied that the property really is separate

> before it can state that the presumption has been dispelled. As long as there is any doubt, the property acquired during coverture must be presumed to be community property.

*Porter v. Porter*, 67 Ariz. 273, 279 (1948) (internal quotations omitted); *accord Carroll*, 148 Ariz. at 16 ("The spouse claiming particular property as separate must prove the separate nature by 'clear and convincing' or nearly conclusive evidence."). Although damages for personal injury may qualify as "profits" of a spouse's separate property, as the majority suggests, *Jurek* does not specifically disclaim the presumption — confirming instead that the community is still entitled to recover for certain losses arising from a spouse's personal injury. 124 Ariz. at 598. Thus, I am not convinced our supreme court intended to abandon this enduring precedent simply because a portion of personal injury damages may ultimately qualify as separate property.

¶29 The majority relies on the guidance provided to the trial court at the conclusion of *Jurek* as evidence of an intent to abandon the community-property presumption and shift the burden of proof. In *Jurek*, our supreme court stated that, on remand:

> The superior court should determine the actual loss to the community for loss of wages and medical expense and make an equitable division of any recovery for such items. The remainder of any recovery, after deduction of the community expenses and loss, shall be awarded to the appellant as his sole and separate property.

124 Ariz. at 598-99. This Court summarized *Jurek* in similar terms as holding that "personal injury recoveries are the separate property of the injured spouse except insofar as the recovery is for lost wages and expenses for hospital and medical care incurred during the marriage." *Bugh v. Bugh*, 125 Ariz. 190, 192 (App. 1980) (citing *Jurek*, 124 Ariz. at 598). I, again, do not read our supreme court's guidance in *Jurek*, or the summary in *Bugh*, as evidencing any intent to abandon entirely the premise that the spouse claiming particular property as separate has the burden of proving it is so by clear and convincing evidence. The direction provided in *Jurek* merely reflects the practicalities in ascertaining what portion of personal injury damages is intended to compensate the injured spouse's personal well-being; the portion of the recovery that represents the injured spouse's separate property may well be calculable only by determining what remains after the tangible and objectively determinable damage to the community has been satisfied.

¶30         Although not specifically addressed in the majority, Husband argues that requiring him to prove what portion of personal injury damages are his separate property is illogical because it requires him to produce evidence that would be detrimental to him — namely, evidence of objectively determinable damage to the community that would reduce the value of his separate property. However, if the spouse asserting a separate property interest chooses not to produce evidence sufficient to permit the court to evaluate the nature and extent of that claim, he risks a determination that he has failed to overcome the presumption of community property. In such circumstances, the entirety of the property will be deemed a community asset. *See Gersten v. Gersten*, 223 Ariz. 99, 106 (App. 2009) (affirming the characterization of benefits as community property where the receiving spouse "did not demonstrate to the family court what portion of his . . . benefits, if any, constituted compensation for injury to his personal well-being"). Accordingly, I cannot say the party asserting the separate property interest is not adequately incentivized to produce necessary evidence, even if it results in a determination that some portion of the personal injury damages belong to the community.

¶31         For these reasons, I would affirm the general principle that damages awarded for a spouse's personal injury that occurred during a marriage are presumed to be community property, and therefore, Husband bore the burden of proving by clear and convincing evidence what portion, if any, of the funds were his separate property. The family court here found Husband's evidence "did not show a credible breakdown" between the funds intended to compensate the community versus those intended to compensate Husband for injury to his personal well-being. Deferring to the fact-finder's credibility determination, as we must, *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) (citing *Goats v. A. J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 169 (App. 1971), Husband did not rebut the presumption in favor of community property with clear and convincing evidence. Accordingly, I would likewise affirm the court's determination that the entirety of the personal injury proceeds constituted community property.

¶32         In all other respects, I concur with the majority.

