NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

KERRY SHAWN MONCUR, SR., *Petitioner/Appellee*,

*v.*

YESSIKA E. MONCUR, *Respondent/Appellant.*

No. 1 CA-CV 20-0491 FC
FILED 6-22-2021

Appeal from the Superior Court in Maricopa County
No. FC2010-095201
The Honorable Suzanne Scheiner Marwil, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Offices, PLLC, Tempe
By Keith Berkshire, Erica Leavitt
*Counsel for Petitioner/Appellee*

Yessika E. Moncur, Queen Creek
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

¶1      Yessika Moncur appeals a superior court order denying her petition to modify legal decision-making. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2      Mother and father divorced in 2012. The superior court awarded father sole legal custody of their two children and ordered parenting time as specified in the decree.

¶3      In 2017, mother petitioned the superior court to modify legal decision-making. The superior court denied the petition and affirmed all previous orders. In 2019, mother filed a petition to modify legal decision-making and parenting time. Mother moved to set the matter for trial, requesting three hours, but the superior court granted two hours. After father requested a continuance, mother stated she would need five hours for trial. The superior court again allotted two hours for trial and stated it would not extend time without a motion filed thirty days before the hearing detailing good cause for the extension.

¶4      In the minute entry for the evidentiary hearing, the superior court noted the parties no longer contested the parenting-time orders. Only legal decision-making was at issue. The minute entry also shows father objected to mother's witness, who had been declared a safe-haven counselor. The superior court sustained the objection. The superior court reasoned the testimony would violate the terms of the counselor's appointment and the counselor would be in no better position than the superior court to determine if mother influenced the children's responses.

¶5      Following the hearing, the superior court found no significant change of circumstances and dismissed the petition. Mother timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. § 12-120.21.A.1.

## ANALYSIS

### I. Mother waived the time-limitation and testimony-exclusion issues.

**¶6** Mother argues the superior court erred when it limited the evidentiary hearing to two hours and when it excluded the safe-haven counselor's testimony.

**¶7** Generally, this court reviews a superior court's imposition of time limits for abuse of discretion. *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91 (App. 1998). This court also reviews a superior court's admission or exclusion of evidence for abuse of discretion, but reviews *de novo* alleged legal errors related to those evidentiary rulings. *Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, 399, ¶ 10 (App. 2000).

**¶8** Mother, however, failed to supply a transcript. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal." (citing ARCAP 11)). Without a transcript, we cannot fully evaluate what was argued to the superior court. Mother also fails to develop her arguments on appeal with adequate citations to legal authority. Accordingly, we deem mother's time-limit and testimony-exclusion issues waived and presume the transcript supports the superior court's findings and conclusions. *See id.*; *see also In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) ("arguments not supported by adequate explanation, citations to the record, or authority" are waived).

### II. The superior court did not otherwise abuse its discretion.

**¶9** Mother argues the superior court erroneously found no significant change in circumstances. This court will not disturb a superior court's legal decision-making or parenting-time order absent an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).

**¶10** Again, mother's failure to provide a transcript renders us unable to evaluate fully her argument. *See* ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."). "Because we are unable to review the evidence, we assume it would support the court's findings and conclusion." *Hefner v. Hefner*, 248 Ariz. 54, 60, ¶ 19 (App. 2019). To the extent mother asks us to reweigh the evidence presented to the

superior court, we decline to do so. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) ("[T]he [superior] court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the [superior] court."). Accordingly, on this record, we find no abuse of discretion.

## CONCLUSION

**¶11** We affirm the superior court's order denying mother's petition to modify. In our discretion, we grant father his reasonable attorney fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:
AA

4