NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JESSICA SIQUEIROS, *Petitioner/Appellee,*

*v.*

GABRIEL VALENZUELA, *Respondent/Appellant.*

No. 1 CA-CV 22-0370 FC
FILED 9-5-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-050947
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Law Office of Katherine Kraus, PLLC, Peoria
By Kimberly A. Staley
*Counsel for Petitioner/Appellee*

Rose & Associates, PLLC, Chandler
By Timothy J. Rose
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

¶1        Gabriel Valenzuela ("Husband") appeals the superior court's judgment accepting a consent decree lodged by Jessica Siqueiros ("Wife"). We find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        On April 1, 2021, Wife petitioned for the dissolution of her marriage. The same day, Husband and Wife submitted a consent decree to the superior court. The court explained to the parties that it could not accept the decree for 60 days, citing A.R.S. § 25-329.

¶3        On June 1, Wife again lodged the parties' consent decree. It included a worksheet showing that Husband owed Wife $ 43 per month under the guidelines. But the parties represented that neither party should pay child support to the other parent. Husband objected to the lodged decree. He argued there was no "meeting of the minds" between the parties when they submitted the decree because they were unrepresented and did not clearly understand the law. Wife responded, arguing that the parties had properly negotiated and agreed to all terms. The court scheduled an evidentiary hearing to determine whether the parties had validly entered a consent decree.

¶4        In his prehearing statement, Husband contested the agreement's requirement that each party pay their separate and community debts by challenging bank-account transactions after the community terminated. He also argued that the parties did not mutually assent to provisions about the distribution of retirement benefits because Wife allegedly did not disclose her pension and 401(k). Husband also argued that the parties lacked mutual assent over the equity in the marital residence because, although the agreement awards Wife the property, it is silent about how to proceed if Wife cannot refinance the home in her name. Finally, Husband alleged that the agreement deviates from the child support guidelines without properly explaining the deviation.

¶5             The superior court held an evidentiary hearing to determine whether the consent decree was a valid agreement under A.R.S. § 25-317(B) (The property terms of a separation agreement "are binding on the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unfair."). As for the retirement benefits, Husband testified that Wife did not disclose any accounts. But Wife testified that Husband was aware of her retirement benefits. In the consent decree, the parties checked the box reflecting that each party waived any interest in the other party's retirement benefits, not the box that the parties had no retirement benefits.

¶6             As for the marital residence, Wife testified that the parties agreed she would keep the property in exchange for Husband not having to pay any student loans she took out while married. Husband did not dispute this arrangement but asked the court to award him 50% of the equity in the marital residence. The consent decree showed that the parties would evenly split the down payment, and Wife would receive the marital home as her sole and separate property.

¶7             Husband also testified that he was not involved in preparing a child support worksheet, and it would not be in the children's best interests to waive child support. Wife testified that they agreed not to pay child support. The consent decree reflected that neither party required child support. Yet the worksheet showed that Husband would have owed Wife $ 43 per month under the guidelines.

¶8             The court found Wife's testimony credible, Husband's testimony not credible, and Husband's arguments without merit. The court also found no duress, power imbalance, or concealment of material information. The court then found the consent decree's terms fair and equitable and accepted the agreement. It also noted that the parties might negotiate a resolution or seek post-decree enforcement on any issues arising out of terms left out of the agreement, such as what should happen if Wife cannot refinance the home in her name. The court also awarded Wife her attorney's fees.

¶9             Husband appealed, and we have jurisdiction under A.R.S. §§ 12-2101(A)(1) and (2).

## DISCUSSION

### A.     The Superior Court Did Not Err by Concluding that the Property Terms Were Not Unfair.

¶10     Husband argues that the superior court erred by accepting the consent decree. Husband contends that the court erred by not awarding him 50% of the equity in the marital residence and 50% of Wife's retirement accounts.

¶11     "A marital separation agreement is a contract, and when a property settlement agreement is incorporated into a decree, contract law governs the agreement." *Buckholtz v. Buckholtz*, 246 Ariz. 126, 129, ¶ 10 (App. 2019) (citations omitted). "The validity and enforceability of a contract is a mixed question of law and fact, which we review *de novo*." *Id.* "We view the evidence in the light most favorable to sustaining the trial court's findings and determine whether there was evidence that reasonably supports the court's findings." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998).

¶12     Under Rule 69, an agreement is valid and binding if it "is in writing and signed by the parties." Ariz. R. Fam. Law P. ("ARFLP") 69(a)(1). Such an agreement "is presumed valid, and a party who challenges the validity of an agreement has the burden to prove any defect in the agreement." ARFLP 69(c). The consent decree was in writing and signed by Husband and Wife. It is presumed valid, and Husband had the burden of proof to show otherwise. And in reviewing the consent decree, the court was bound by it unless it found the terms were unfair. A.R.S. § 25-317(B).

¶13     Husband first argues that the court erred by awarding Wife the marital residence because Wife allegedly did not disclose the student loan debt she agreed to take on in exchange for the property. But Husband does not explain how this would invalidate the agreement, and the court found credible Wife's testimony that Husband knew about the loans. Husband also did not dispute the arrangement. The court did not err by finding this agreement provision valid.

¶14     Husband also argues that the court erred because it was inequitable not to award him 50% of Wife's retirement account. He contends that Wife disclosed her retirement benefits only after the parties signed the agreement, and she "did not include the retirement accounts in the lodged decree." But, the court found Husband's testimony not credible, especially because he did not signify in the agreement that Wife had no retirement benefits. As the court stated, "the parties confirmed the existence

4

of retirement accounts and affirmatively waived any interest in those accounts." The court did not err by finding this provision valid.

¶15 The court ultimately found that the parties negotiated and signed the agreement with no imbalance of power, duress, or other reason that the agreement would be invalid. The court did not err by accepting the agreement.

**B. The Superior Court Did Not Abuse Its Discretion by Concluding that the Consent Decree Did Not Unfairly Divide Community and Separate Debt.**

¶16 Husband argues that the court erred by not equitably dividing separate and community debts. "[W]hen a marital separation agreement is presented to the superior court under [A.R.S. § 25-317(B)], the superior court must determine whether the agreement is enforceable, and if the agreement is enforceable, determine whether it is 'unfair.'" *Buckholtz*, 246 Ariz. at 128, ¶ 1.

¶17 Husband identifies debt from bank-account transactions that occurred after the community terminated and argues that the superior court either should have concluded that the debt was separate or equitably divided the debt. He contends that the court abused its discretion by not requiring Wife to reimburse Husband. The court, however, did not have to do so because the question before the court was only whether the agreement was enforceable or unfair. The superior court noted that a party might file a post-decree enforcement action on the decree's terms.

¶18 As Husband notes, the decree did not explicitly include the bank accounts. But the decree provided that each party would pay their community and separate debts. If Wife fails to abide by the agreement, Husband can bring an enforcement action under Rule 91.

**C. The Superior Court Did Not Err by Ordering No Child Support.**

¶19 Husband next argues that the court erred by "deviat[ing] from the child support guidelines" without explanation. The court must abide by the child support guidelines unless doing so would be "inappropriate or unjust." *Nia v. Nia*, 242 Ariz. 419, 424, ¶¶ 19–20 (App. 2017); A.R.S. § 25-320 app. ("Guidelines") § IX.B.1. If the court deviates, it must make written findings explaining its decision. Guidelines § IX.B.3.

¶20 Husband contends the court deviated from the guidelines, but he does not identify what would be an appropriate amount of child

support. In its order, the court found the terms of the parties' agreement "fair and equitable . . . and in the best interest of the minor children." The agreement incorporated a child support worksheet. That worksheet demonstrated that Husband should pay Wife $ 43 per month. But the parties agreed that neither party owed child support. Given the parties' representations and the minor nature of the support Wife waived, the court did not err by ordering zero child support.

## D. The Superior Court Did Not Abuse Its Discretion by Awarding Wife Attorney's Fees.

**¶21** The superior court awarded Wife her attorney's fees under Rule 69(c), which permits a court to award fees under A.R.S. § 25-324. We review a fee award under A.R.S. § 25-324 for an abuse of discretion. *Hefner v. Hefner*, 248 Ariz. 54, 57, ¶ 6 (App. 2019).

**¶22** Husband argues the court erred by awarding Wife fees because the "court's entire finding was based on the false premise that the parties actually discussed the issues Husband objected to." But, the court found Husband's testimony not credible and found that the parties had discussed the terms of their agreement. As a result, the court did not abuse its discretion by awarding Wife the fees she incurred defending the agreement's validity.

## ATTORNEY'S FEES AND COSTS

**¶23** Both parties request their fees and costs on appeal under A.R.S. § 25-324. Per our discretion, we award Wife her reasonable attorney's fees and costs upon compliance with ARCAP 21.

## CONCLUSION

**¶24** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA