NOTICE: NOT FOR OFFICIAL PUBLICATION
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

DENNIS L. BELLAMY, *Petitioner/Appellant,*

*v.*

CHRISTY D. BELLAMY, *Respondent/Appellee.*

No. 1 CA-CV 23-0323 FC
FILED 02-22-2024

Appeal from the Superior Court in Maricopa County
No. FN2020-005272
The Honorable James Drake, Judge

**AFFIRMED**

COUNSEL

Genesis Legal Group, Gilbert
By Kevin Jensen
*Counsel for Petitioner/Appellant*

Law Office of Julie Gunnigle, PLLC, Scottsdale
By Julie R. Gunnigle
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

¶1        Dennis L. Bellamy ("Husband") appeals the superior court's dissolution decree entered to dissolve his marriage with Christy D. Bellamy ("Wife"). He challenges the court's classification of Wife's retirement accounts as separate property. We find no error and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife were married in 2001. They have no minor children. In December 2020, Husband petitioned to dissolve the marriage. In the parties' joint pretrial statement, Husband asserted that Wife had two community property retirement accounts. Husband claimed Wife emptied one of the accounts ("the Franklin Templeton account"), so Husband asked for "an equalization of one-half Wife's withdrawal." For the other retirement account, a Roth IRA, Husband proposed that "Wife cash out the portion of the [account] necessary to satisfy Husband's equalization obligation." Wife denied she had community retirement accounts, claiming she opened her Roth IRA before marriage and did not contribute to the account during the marriage.

¶3        At the trial, Husband offered records of Wife's retirement accounts. The Franklin Templeton account statement showed Wife's portfolio from January 2020 through September 2020. No funds remained in the account because Wife withdrew over $13,000. The Roth IRA statement showed the account's balance from April 2021 through June 2021. Wife did not add funds to either account during the offered statement periods.

¶4        Husband testified that Wife contributed to her retirement accounts during the marriage. He did not know when Wife opened the accounts but believed it was during the marriage. Wife did not have records showing when she opened the accounts. But she testified she opened the retirement accounts in 1995 and contributed through payroll deductions from 1995 until the marriage. She claimed Husband, whom she worked for

then, stopped the payroll deductions when they married. Wife asserted there was a record showing that her final contribution occurred before the marriage, but she did not offer records supporting her claim.

¶5        At the trial, Husband emphasized that Wife offered no proof she owned the retirement accounts before the marriage. He offered Wife's responses to discovery requests into evidence. When asked to identify pension, profit-sharing, or retirement plans, Wife answered: "N/A." And Wife did not include the retirement accounts when asked to list funds she had in any financial institution within the last three years. Finally, when asked whether she owned any property she believed was her sole and separate property, Wife answered: "N." When questioned about her failure to list the retirement accounts as her separate property, Wife explained she thought the property inquiry was about real property. She testified she "did not know what [Husband's attorney was] talking about."

¶6        The superior court entered the dissolution decree. Among other findings irrelevant to this appeal, the court found that Wife's retirement "accounts were earned prior to marriage." Thus, the court awarded Wife the retirement accounts as her sole and separate property.

¶7        Husband appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1) and Arizona Rule of Family Law Procedure 78(c).

## DISCUSSION

¶8        Husband argues the superior court erred by awarding Wife the retirement accounts because Wife failed to prove by clear and convincing evidence that the accounts were her separate property. We conclude that the superior court did not err by characterizing the accounts as separate property, and the record supports the court's award.

¶9        In a dissolution, the "court must divide community property equitably and assign each spouse his or her sole and separate property." *Bowser v. Nguyen*, 249 Ariz. 454, 456, ¶ 8 (App. 2020). We review the superior court's characterization of property *de novo*. *Hefner v. Hefner*, 248 Ariz. 54, 57, ¶ 6 (App. 2019). We review the superior court's division of property and factual determinations for an abuse of discretion. *Id.* We view the evidence in the light most favorable to upholding the decree and defer to the superior court's witness credibility assessments. *See Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522, ¶ 1, n.1 (App. 2007); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

**¶10** Generally, property acquired during a marriage is community property, and property acquired before marriage is separate property. *Potthoff v. Potthoff*, 128 Ariz. 557, 561 (App. 1981); *see also* A.R.S. §§ 25-211(A), 25-213(A). "An asset that is separate property before marriage remains separate property after marriage until changed by agreement or operation of law." *Rowe v. Rowe*, 154 Ariz. 616, 619 (App. 1987), *superseded by statute on other grounds*, A.R.S. § 25-324, *as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014).

**¶11** If a spouse acquires property during the marriage, a presumption attaches that the property belongs to the community. *Bender v. Bender*, 123 Ariz. 90, 92-93 (App. 1979). A spouse asserting that property acquired during the marriage is separate must rebut the community property presumption with clear and convincing evidence. *See id.*; *Carroll v. Lee*, 148 Ariz. 10, 16 (1986). But the community property presumption attaches only to property acquired during the marriage. *See Rowe*, 154 Ariz. at 619. And the requirement that a spouse prove property is separate by clear and convincing evidence applies only after a finding that the property was acquired during the marriage. *See id.* at 618-19; *Bowser*, 249 Ariz. at 456, ¶¶ 9-10 (Husband bore the burden to establish his severance package was his separate property by clear and convincing evidence because "Husband's performance under the employment contract occurred during the marriage and only during the marriage."); *Davis v. Davis*, 9 Ariz. App. 49, 52 (1969) (Husband bore the burden to establish by clear and convincing evidence that property acquired during the marriage was bought with separate property.).

**¶12** Whether the property was acquired before or during the marriage is a fact question, and we will defer to the superior court's findings so long as substantial evidence supports them. *See Saba v. Khoury*, 253 Ariz. 587, 590, ¶ 7 (2022); *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010).

**¶13** Husband is correct that Wife did not offer account statements or pay stubs to prove she created the accounts before marriage and stopped contributing to the accounts when she married Husband. But on the other hand, other than Husband's testimony, there is no record showing that Wife created or contributed to the accounts during the marriage. Wife testified that she created and contributed to the accounts before marriage and stopped contributing to the accounts when she married Husband. The superior court was within its discretion to adopt Wife's testimony and give less weight to Husband's conflicting testimony. *See Gutierrez*, 193 Ariz. at 347, ¶ 13. Thus, the superior court did not abuse its discretion by finding

the "accounts were earned prior to marriage." With no contributions during the marriage, the increase in value reflected in the account statements Husband offered was from the accounts' inherent value, not community efforts. *See Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979). Thus, the court did not err by classifying the accounts as separate property and awarding them to Wife.

**CONCLUSION**

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM