NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

KARIM FOUAD MOABI, *Petitioner/Appellant*,

*v.*

JODI COLE, *Respondent/Appellee*.

No. 1 CA-CV 24-0862 FC

FILED 08-12-2025

Appeal from the Superior Court in Maricopa County
No. FC2020-000746
The Honorable Glenn A. Allen, Judge

**AFFIRMED**

COUNSEL

Cervone Law P.C., Phoenix
By Kristina L. Cervone
*Counsel for Petitioner/Appellant*

Jodi Cole, Phoenix
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

---

**F U R U Y A**, Judge:

¶1        Karim Fouad Moabi ("Father") appeals the superior court's modification of final legal decision-making authority ("LDM") and reallocation of responsibility for fees for a Court Appointed Behavioral Interventionist ("COBI"). Because the court did not abuse its discretion, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Father and Jodi Cole Vogel ("Mother"), who were not married, share one minor child ("Child"). After the parties separated, they cooperated in sharing parenting time with Child. For most of Child's life, both parents shared de facto joint LDM and equal parenting time with Child. However, they disputed where Child should attend school and eventually both sought final LDM authority for this decision.

¶3        In 2019, Father filed a dual-captioned motion for Temporary Orders and modification of LDM because neither parent could agree to where Child should attend middle school. Instead of granting either parent final LDM over education, the Temporary Orders outlined a five-step process to solve the issue of Child's education without granting final say to either parent. The case was later dismissed.

¶4        Then, in January 2020, the parents' ability to co-parent devolved and Father filed a Complaint to Establish Paternity, Legal Decision-Making, Parenting Time, and Support. Father argued Child's exceptional intellect prevented him from forming "normal" social relationships and staying engaged in the school chosen through the Temporary Orders. Father believed his choice of private school could provide a better education for Child's needs than the current public school.

¶5        Though the court found Mother and Father generally able to co-parent on all other issues, it determined that one party needed to have final decision-making authority if they were unable to agree on the matter of Child's educational needs. After considering Child's best interests and

making supportive findings, the court awarded the parties joint LDM and "in the event the parties are unable to reach an agreement after they have made a good-faith effort to reach an agreement on an education-related issue, Mother shall have final decision-making authority[.]" A year later, the court dismissed Father's petition to modify LDM, finding a substantial and continuing change did not exist, that Father sought the modification only to enroll Child in Father's preferred school, and that Child is still doing well in his current school.

¶6        However, by October 2023, Mother and Child's relationship had declined so dramatically that Mother filed a petition to enforce LDM and parenting time, blaming Father for alienating Child from her. Father responded that school choice was no longer an issue but shared concern for Child's autism and anxiety diagnoses and ongoing weight loss. He then filed a petition for modification of LDM authority, parenting time and child support and requested an interview for Child, so Child could advocate for his own preferences during proceedings.

¶7        Instead, upon Mother's request, and with Father's agreement, the court ordered the appointment of Dr. Marsha Ferrick "for Court Ordered Behavioral Intervention ("COBI") services between [Mother] and [Child]." Though the court had previously considered the parents' incomes to be "substantially equal," the court ordered them to file updated Affidavits of Financial Information ("AFI"). They agreed Mother would be responsible for the initial payment of all COBI costs, "subject to reallocation by the Court following future proceedings, and in the Court's sole discretion." Two months later, Father objected to the COBI's ongoing appointment and potential cost reallocation. However, the court denied Father's objection, reiterating their prior agreement.

¶8        In the ensuing litigation, the court denied Mother's motion to find Father in contempt for not forcing Child to participate in Mother's parenting time. But it found that Child is "highly intelligent, but also needs a tremendous number of services." The court further warned, that if "parents are unable to care for him, or the child is unwilling to be parented, the child needs to be removed from the home and placed into a residential treatment center to appropriately address his needs."

¶9        In August 2024, the court held an evidentiary hearing, where Mother, Father, and Dr. Ferrick testified. Both parties provided evidence of communication between the parents and Child's providers and records from the COBI and medical providers. After hearing the evidence, the court expressed concern for Child's health and ordered Child be screened for

residential treatment center placement. Ultimately, Father interfered with Child receiving professional assessments and in-patient treatment.

¶10 The court entered final orders for LDM, parenting time, and child support in October 2024. It found both parties to have made unreasonable arguments at times but ultimately granted Mother final LDM on medical and education issues. It also ordered that each parent bear one-half of the COBI expenses.

¶11 Father appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-2101(A)(1) and -120.21(A)(1).

**DISCUSSION**

¶12 We must affirm a court's modification of LDM and reallocation of COBI fees, absent an abuse of discretion. *Nold v. Nold,* 232 Ariz. 270, 273 ¶ 11 (App. 2013). An abuse of discretion occurs when the record does not contain competent evidence to support the court's decision, or the court commits an error of law. *Hurd v. Hurd,* 223 Ariz. 48, 52 ¶ 19 (App. 2009). We review interpretations of statutes and guidelines de novo, *Milinovich v. Womack*, 236 Ariz. 612, 615 ¶ 7 (App. 2015), but it is the superior court's role to weigh the evidence and determine credibility, *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998). Unless factual findings are clearly erroneous, we defer to the court's weighing of evidence and its assessments of credibility. *Engstrom v. McCarthy,* 243 Ariz. 469, 471 ¶ 4 (App. 2018).

**I.     The Court Did Not Err by Admitting and Considering Any of Dr. Ferrick's Testimony.**

¶13 Father argues Dr. Ferrick's testimony was outside the scope of her COBI appointment and therefore could not be used as competent evidence to support the court's findings.

¶14 "We will not disturb a trial court's rulings on the exclusion or admission of evidence unless a clear abuse of discretion appears and prejudice results." *Roaf v. Stephen S. Rebuck Consulting, LLC*, 257 Ariz. 452, 456 ¶ 11 (2024) (quoting *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996)). When Father objected to Dr. Ferrick's testimony during the hearing, the court responded "it's silly to say that she can't testify to the scope of her appointment at a trial with the parties that agreed to appoint her. I think that's an unreasonable position to take." We agree.

¶15          Dr. Ferrick's COBI appointment began with the consent of both parents, was ordered without any restriction as to her scope of work, occurred with participation from both parents, and finished long before the hearing took place, giving Father more than adequate notice of her evaluation. Father did not object to the COBI order's scope or request his own expert. At the evidentiary hearing, Dr. Ferrick testified to her qualifications, the scope of her appointment, the one report she filed in April of 2024, and that "[a] COBI is to do a therapeutic intervention at a very precise level." The court allowed Dr. Ferrick to testify to her belief that Child's "body weight is impacting his thinking, and his engagement with the parents" because of its relevance to her appointment as a COBI. In her testimony, Dr. Ferrick explained what she learned during her COBI appointment, including her belief that

> [Child] is acting out a delusional component that he's sharing with his father. It's . . . a cross-parenting issue. And Dad had an eating disorder . . . as a young man, and Father had shared that with [her]. I think this is [Child] . . . both under stress and under kind of Father's illusion with his eating disorder piece, and the negativity around Mother, part of that.

¶16          Dr. Ferrick further testified to her belief that Child has "annihilate[d] Mother from his life" because pleasing Father is so important to Child. Dr. Ferrick also shared Father's academic ambitions for Child, combined with Child's drive to please Father, "creates a lot of anxiety for [Child]," and that she had referred the family back to the family doctor and Child's pediatrician to address Father's concern that she mischaracterized Child's condition as a behavioral issue, rather than an organic medical problem. Dr. Ferrick testified that Child's follow-up care did not find an organic cause to his eating issues and she agreed with that assessment.

¶17          All this testimony was predicated on Dr. Ferrick's personal observations, obtained through her COBI appointment, and synthesized using her own education and experience. It was directly and highly relevant to resolution of the issues joined by Father's petition. The court was not required to ignore it simply because Father believed it exceeded the scope of the COBI appointment.

¶18          Father argues the court's findings are "unclear as to what competent evidence was used" to modify LDM, constituting an abuse of its discretion when modifying final LDM authority. But the court clearly outlines all relevant factors to the best interests of the child as required by A.R.S. § 25-403. Moreover, the court adequately supported its analysis of all

factors, not only with Dr. Ferrick's testimony, but also with other evidence provided by the parties, such as communication between themselves and Child, medical records of Child's diagnoses, and their own testimony. Thus, even without Dr. Ferrick's testimony, the court's orders are supported by sufficient evidence, which we will not reweigh on appeal. *See Engstrom,* 243 Ariz. at 471 ¶ 4.

**¶19**        Given the context and foundation supporting Dr. Ferrick's testimony, we discern no clear error in the court's admission of any of her testimony. And even if clear error were assumed arguendo, Father fails to show any prejudice because other evidence in the record supports the court's decision. We affirm the court's modification granting Mother final LDM.

## II.    The Court Did Not Err by Reapportioning the COBI Costs Between Mother and Father.

**¶20**        Father further appeals the court's order that he "pay one-half of all the COBI expenses" in reallocation as previously agreed to by the parties in the original order for a COBI appointment. Citing Rule 95(a)'s injunctive that a "court must determine on the record whether the parties have the ability to pay for services," Father argues that it was error for the court to reallocate these costs to him because the court made no determination as to his ability to pay. *See also* A.R.S. § 25-324(A) (permitting the court to award costs and expenses of proceedings "after considering the financial resources of both parties"). He contends that any such finding as to his ability to pay was impossible because he did not file an updated AFI—as the court had ordered him to do before the evidentiary hearing. This argument raises an absurdity.

**¶21**        We review an award of fees and costs under A.R.S. § 25-324, including the reallocation of COBI expenses, for an abuse of discretion and will only reverse when clearly erroneous. *See Hefner v. Hefner,* 248 Ariz. 54, 57 ¶ 6 (App. 2019) (reciting standard of review applicable to awards under A.R.S. § 25-324). Here, the court specifically ordered both parties to provide updated financial information to the court in advance of the evidentiary hearing on Father's petition. But though Mother complied with the court's order, Father did not do so. Now, Father seeks to leverage his failure to follow the court's order as a shield to thwart reallocation of the COBI costs. Father cannot complain that the court erred by failing to consider his updated financial condition when he was ordered to disclose it and failed to do so.

**¶22** Here, the court's original order for COBI services was properly based on both parents' financial information at the time of the order. If there had been a change in Father's financial circumstances since the original COBI order, Father avoided every opportunity to disclose the information to the court for its consideration—even after the court requested updated information. Moreover, the original order expressly reserved the court's right to reallocate costs in the future, in its sole discretion. The court's reallocation of half the COBI costs to Father was reasonable and within its discretion. Thus, we affirm.

## CONCLUSION

**¶23** We affirm.

**¶24** In our discretion, we decline to award Father his attorney's fees under A.R.S. § 25-324. As the prevailing party, Mother is entitled to award of her costs on appeal, contingent with her compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

7